SCHMOLL FILS ASSOCIATED, INC., Respondent, *v.* BALTIC AMERICA LINE, INC., Appellant.

First Department, January 9, 1931.

*H. H. Nordlinger* of counsel [*David B. Lefkowitz* with him on the brief; *Nordlinger & Riegelman*, attorneys], for the appellant.

*E. F. Platow* of counsel [*Otto & Lyon*, attorneys], for the respondent.

FINCH, J. This is an appeal, by permission of the Appellate Term, from a determination in that court affirming an order of the Special Term of the City Court, New York county, which denied the motion of defendant to vacate a notice to produce certain documents for inspection, pursuant to section 327 of the Civil Practice Act.

The order appealed from must be reversed and the motion to vacate granted.

The plaintiff brought an action to recover for loss and damage suffered to a transatlantic shipment intrusted to the defendant herein, from New York to Riga.

The plaintiff seeks the information because the defendant served in the capacities of warehouseman and of common carrier. The defendant was first a warehouseman, which relationship terminated at the time the merchandise left the pier and was loaded aboard the vessel, and which was resumed again after arrival in Europe. The defendant took a tally showing the condition of the merchandise

coming from the warehouse and going to the steamer, and from the steamer going to the warehouse. According to custom, plaintiff was not represented by any agent, except the defendant, during these tallies. The plaintiff desired an inspection of these documents and sought to procure it by obtaining an order under section 328 of the Civil Practice Act directing the defendant to state under oath whether or not the documents were in its possession. Upon receiving from defendant, pursuant to such order, an affidavit that certain of them were, the plaintiff then served upon the defendant a notice, pursuant to section 327 of the Civil Practice Act, requiring them to be produced for its inspection.

The question, therefore, presented by this appeal is whether the plaintiff is entitled, by the mere giving of this written notice, to compel the defendant to give an inspection of the documents shown to be in the possession of the defendant.

It is clear that the plaintiff is not entitled to the inspection of these documents pursuant to such notice, but must obtain discovery and inspection, if at all, pursuant to an order of court, as provided by section 324 of the Civil Practice Act.

The above conclusion is reached from a consideration, first, of what rights a litigant had to obtain inspection of documents belonging to his adversary under the Code of Civil Procedure, and then the additional steps that have been taken in the Civil Practice Act in the gradual process of slowly liberalizing procedure to the end that the administration of justice may be accomplished with less effort, time and expense, and with more and more attention to the end reached than to legal formalism and the processes of accomplishment.

Under the Code of Civil Procedure the only method by which a party might obtain a discovery and inspection of documents previous to the trial was by applying to the court and obtaining an order therefrom. Such an application was hedged about with legislative restrictions, imposed through the fear that otherwise the rights of the party against whom the discovery and inspection was sought might be unduly prejudiced. It is commonly conceded that these restrictions became too great. First in England, and subsequently in this country, they were modified so as to liberalize the procedure while still protecting the rights of the individual. In the Civil Practice Act we embodied section 327, which provides that, in addition to applying to the court, a party may also obtain a discovery and inspection by giving a notice to his adversary to produce any document referred to in the pleadings or affidavits of the other party. The Civil Practice Act, likewise following the English practice, went further. It also provided that a party to

an action, even if documents had not been referred to in the pleadings or affidavits of the opposite party, might, upon application to the court, require such party to state by affidavit whether any one or more specific documents were or had been at any time in his possession and, if not in his possession, when he parted with the same and what has become thereof. (Civ. Prac. Act, § 328.)

Pursuant to this last section, the plaintiff in the case at bar obtained an order from the court requiring his adversary to state by affidavit whether certain documents not referred to in his pleadings or affidavits were in his possession, namely, the tally sheets above referred to. In compliance with the order of the court, the defendant stated that four out of seven documents were in its possession. Having obtained this information, the plaintiff now seeks to obtain, by a mere notice, a discovery and inspection of these documents, as if they had been voluntarily referred to in the pleadings or affidavits of the defendant, pursuant to section 327.

It is clear that the plaintiff cannot so proceed with reference to these documents discovered in this manner, but must still obtain a discovery and inspection of such documents by making application to the court therefor. (Civ. Prac. Act, § 324.) Where a defendant has referred to and thus relied upon documents in his pleadings and affidavits, his adversary thereby has a right to a discovery and inspection of these documents. Because the party has so referred to and relied upon them, his rights cannot be infringed by an inspection of these documents by his adversary. Having referred to the documents in his pleadings or affidavits, he can reasonably be required to afford a discovery and inspection, since this is no more than if he had set forth the documents at length in his pleadings or affidavits. Where, however, a party is given a right to compel his adversary to state whether documents which have not been referred to by such adversary are or ever have been in his possession, as to these documents the rights of the adversary must still be safeguarded by requiring an application to the court, rather than compelling him to submit these documents to the opposite party upon a mere notice furnished by that party.

In order also to show that the documents referred to in section 328 are not these required to be produced by a mere notice under section 327, it is sufficient to note that under section 327 it is not necessary for the documents to be even in the possession of the adverse party. The mere fact that he has relied upon them in his affidavits or pleadings casts upon him the burden to discover and produce them to his adversary for inspection.

It follows that under the liberalizing provisions of the Civil Practice Act a party may compel a discovery and inspection of

documents referred to in pleadings and affidavits by an adversary by the giving of a mere notice, but cannot obtain a discovery and inspection of documents not referred to, even though he may compel his opponent to state by affidavit that they are in his possession, unless he applies for and obtains a court order requiring such discovery and inspection.

The above conforms to the practice under the English Rules of the Supreme Court. In England the right to require a discovery and inspection of documents by the giving of a notice by the adversary, has consistently been construed to apply to documents upon which a party has relied in his pleadings or affidavits. In such a case his adversary is held to have a right to inspection upon the theory that documents referred to or relied upon should have been incorporated in the pleadings or affidavits.

In *Hunter* v. *Dublin W. & W. Railroad Co.* (L. R. 28 Ir. 489, 495) it is said: "If a party has referred to a document in any affidavit, and has thereby discovered its existence, and relied upon it, he thereby leaves himself open to have production of it ordered, unless he can prove special cause to the contrary." Also, in *Quilter* v. *Heatly* (L. R. 23 Ch. 42, 50) it is said: "These rules were evidently intended to give the opposite party the same advantage as if the documents referred to had been fully set out in the pleadings."

It follows that the determination appealed from should be reversed, with ten dollars costs and disbursements to the appellant in this court and in the Appellate Term, and the motion to vacate the notice calling for discovery and inspection should be granted.

DOWLING, P. J., MERRELL, MCAVOY and SHERMAN, JJ., concur.

Determination reversed, with ten dollars costs and disbursements to the appellant in this court and in the Appellate Term, and the motion granted.