In the Matter of Copacabana, Inc., Petitioner, against Almerindo Portfolio, as Treasurer of the City of New York, Respondent.

Supreme Court, Special Term, New York County, August 18, 1944.

*Ignatius M. Wilkinson, Corporation Counsel* (*Arthur H. Goldberg, Edmund B. Hennefeld* and *Isaac C. Donner* of counsel), for respondent.

*Harold H. Corbin* and *Thomas F. Meehan* for petitioner.

NULL, J. The respondent has moved for a dismissal of the petition on the ground that it is insufficient in law. It is contended that the petition attempts to invoke a remedy not authorized by article 78 of the Civil Practice Act pursuant to the provisions of which the proceeding has been instituted. The motion is addressed to the validity of the form in which the proceeding has been presented to the court rather than to the merits of the issues tendered by the petition.

That the proper and efficient discharge of public business may require the exercise of discretion by administrative officers is a concept which long has had recognition in legislative enactments and has been approved in judicial decisions. It is not the theory but rather its application to particular conditions which provokes the question as to how far and under what circumstances the courts may review the exercise of discretion by administrative officers. In *Matter of Small* v. *Moss* (279 N. Y. 288) we have been cautioned by the Court of Appeals against invading the field of discretion conferred upon an administrative officer, where the bounds and limits of such discretion have been fixed and delineated by law. These considerations, however, may have relevancy only upon the merits of the proceeding. Upon a motion to dismiss for insufficiency, the facts set forth in the petition must be given full credence and validity.

The petition challenges the propriety of the discretion required to be exercised by the respondent by virtue of the provisions of section N41–11.0 of the Administrative Code of the City of New York (L. 1937, ch. 929, as amd. by Local Laws, 1942, No. 26 of City of New York), pursuant to which the respondent issued his warrant and filed the judgment against the petitioner. It asserts that the respondent acted upon no facts whatever and

submits allegations in support of its contention that the action of the respondent was unreasonable, arbitrary and capricious. Whether the respondent did or did not exceed the bounds of the discretion committed to him is not, of course, to be determined upon this motion. That is the charge of the petitioner and for the purpose of this motion, at any rate, it may not be ignored.

The petition, moreover, presents issues other than those concerned with the exercise of discretion. It asserts that the provisions of the Administrative Code of the City of New York inevitably call upon the respondent to pass upon and make findings of fact preliminary to the exercise of his discretion. It is alleged that upon the basis of the findings of fact made by him the respondent is empowered to issue a warrant for assessed taxes and penalties, to file it as a judgment and to issue execution upon it. All this, the respondent is empowered to do without notice, in the exercise of his discretion in accordance with section N41–11.0 of the Administrative Code of the City of New York.

I am of the opinion that the powers conferred upon the respondent, as set forth in the petition, pertain more to the nature of judicial rather than mere administrative functions. In effect, the scope of the respondent's authority under these provisions of the Administrative Code is analogous to that conferred upon a justice of a court in the issuance of a warrant of attachment.

Section 1296 of the Civil Practice Act sets forth the questions determinable in a proceeding under article 78 of the Civil Practice Act. One of these calls for a determination upon the merits " Whether the respondent, if a body or officer exercising judicial or quasi-judicial functions, is proceeding or is about to proceed without or in excess of jurisdiction." (Civ. Prac. Act, § 1296, subd. 2.)

That the petitioner is unable or unwilling to denominate the nature of this proceeding as mandamus, certiorari or prohibition is not fatal to the petition. In *Matter of Newbrand* v. *City of Yonkers* (285 N. Y. 164) it was declared that " The primary purpose of the new article was to wipe out technical distinctions which had been a snare for suitors approaching the court for relief and which, at times, hampered the court in granting relief for proven grievances. Under its provisions, when a suitor shows a right to some relief the court grants the relief to which he is entitled, unrestricted by the form of the proceedings brought by the aggrieved person."

To pass upon and make findings of fact, to exercise discretion in relation to them and to direct the entry of judgment are powers characteristic of judicial conduct.

Accordingly, I conclude that the proceeding has been properly instituted under article 78 of the Civil Practice Act. The motion to dismiss the petition is denied. The respondent has leave to serve his answer within three days after publication of this opinion in the New York Law Journal [published August 19, 1944].