In the Matter of STORK RESTAURANT, INC., Petitioner, against ALMERINDO PORTFOLIO, as Treasurer of the City of New York, Respondent.

Supreme Court, Special Term, New York County, March 6, 1945.

*Monroe Goldwater* and *Bernard Katz* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Edmund B. Hennefeld, Arthur H. Goldberg* and *Isaac C. Donner* of counsel), for respondent.

COHALAN, J. By this application pursuant to the provisions of article 78 of the Civil Practice Act, petitioner asks that the determination of respondent with respect to the existence of the jeopardy arising from the collection of the amount of sales and business taxes allegedly due be reviewed, vacated and set aside; that the warrants, judgments and notices of levy issuing as the result of such determination be vacated and that respondent be permanently enjoined from taking any further proceedings thereunder pending the entry of a final order.

On the morning of July 22, 1944, petitioner received notice by mail that the Comptroller of the City of New York had made determination of alleged sales and business tax deficiencies in the approximate sum of $181,000, inclusive of penalties and interest. Both notices contained an identical clause, in conformity with the provisions of the Administrative Code of the City of New York, reading as follows: " In the event that you do not agree with this determination, the law provides that written application for a hearing must be made to the Comptroller within thirty (30) days of the date of this notice. Otherwise, this determination shall finally and irrevocably fix the tax."

On the same morning the Treasurer of the City of New York prepared notices addressed to petitioner advising it that he, the Treasurer, " believing the collection of certain taxes, interest and penalties in the amount of $175,470.14 under the Sales Tax Law for the period from January 1, 1938 to November 30, 1943, to be in jeopardy, said amount resulting from a deficiency assessment made by the Comptroller of the City of New York

on July 21, 1944, hereby declares such amount to be immediately due and payable and issues herewith a warrant for the collection thereof.''

A similar notice covering the alleged business tax was also prepared and served upon petitioner by registered mail on the morning of July 24, 1944, two days subsequent to the actual levy on petitioner's property. The warrants thus issued were filed with the Clerk of the County of New York and judgments entered thereon against petitioner. On the evening of July 22, 1944, at about 7:00 P.M., respondent's agents took physical possession and control of petitioner's premises, installed a custodian, took inventory and posted notice advising that petitioner's business, together with all its physical assets, would be sold on July 31, 1944, for the purpose of satisfying the judgments.

It is evident from the foregoing that respondent proceeded against petitioner without proper notice and without affording it an opportunity to be heard as provided by law. To sanction such procedure would be to run counter to our American concept of justice and fair play, deprive petitioner of its property without due process and result in a denial of the right to its '' day in Court.'' This may not be done. The motion is granted to the extent of ordering the stay continued, without bond, pending the trial of the proceeding on petitioner's application and the entry of a final order thereon. That portion of the motion which seeks to review, vacate and set aside the determination of the respondent and to vacate the warrants, judgments and notices of levy issuing therefrom is presently denied, but without prejudice. As was indicated by the court on the argument, petitioner's motion to strike from the answer and affidavits of respondent all reference to the testimony of Farrell and Kaye and also excerpts from the report of the Commissioner of Investigation will be granted unless, within ten days after service of a copy of the order to be entered hereon, together with notice of such entry, respondent make available to petitioner the whole of such objected-to matters for inspection pursuant to the provisions of section 324 of the Civil Practice Act. (*Schmoll Fils Associated, Inc.*, v. *Baltic America L., Inc.*, 231 App. Div. 231.) Petitioner's further motion to strike out the first separate and distinct defense and statement of the grounds of the action taken by respondent, and the second and third separate and distinct defenses for legal insufficiency is granted to the extent of ordering the second and third defenses eliminated and denied as to the first defense. (*See Matter of Copacabana, Inc.*, v. *Portfolio*, 182 Misc. 976.)

Settle order.