Owen McGivern, J.
This is a cross motion by defendant to vacate plaintiff’s notice to examine defendant, and to vacate notice to produce certain documents sought to be produced pursuant to section 32-7 of the Civil Practice Act. The motion to vacate the notice to examine is granted as prematurely brought; the argument advanced that the examination is scheduled for a date beyond the 30-day period contemplated by rule XI of this court [N. Y. County Supreme Ct. Rules], does not cure the defect of a premature notice (Cooper Inds. v. Mayer, N. Y. L. J., Dec. 3, 1959, p. 14, col. 1, Markowitz, J.). This disposition, however, is without prejudice to the right of plaintiff to obtain the relief sought in proper time.
That branch of the cross motion to vacate notice to produce and exhibit for inspection of plaintiff certain enumerated documents, is also granted, without prejudice to an application by plaintiff, pursuant to section 324 of the Civil Practice Act for discovery and inspection, after plaintiff shall have examined defendant before trial, and upon a showing that such relief would be material and necessary (Battaglia v. New York City Tr. Auth., 2 A D 2d 985). The documents sought to be produced, pursuant to section 327 of the Civil Practice Act, were initially mentioned in the complaint and subsequently referred to and admitted by defendant in his answer. Under these circumstances, it cannot be said that the references by defendant in his answer to these documents were voluntary, since it appears that they were brought on by plaintiff’s initial reference thereto (Schmoll Fils Associated v. Baltic American Lines, 231 App. Div. 231). It seems to the court that the fair intendment of section 327 of the Civil Practice Act was to compel the discovery on notice of documents first and originally mentioned by the pleader (5 Carmody-Wait, New York Practice, p. 692). Moreover, item 4 refers, in part, to two quitclaim deeds conveying premises to defendant, and thus relates to the title of defendant. Section 327 of the Civil Practice Act specifically exempts from discovery documents pertaining to defendant’s own title. Item 5 is further objectionable on the ground that the documents sought have not been specifically identified in the answer (Crowell-Coilier Pub. Co. v. Josefowitz, 6 A D 2d 1008).