In the Matter of the Estate of YETTA COHEN, Deceased.

Surrogate's Court, Kings County, April 6, 1934.

*McKenney & Lesselbaum,* for the petitioner.

*Joseph C. Salzman,* for Ike Newman and others.

*Belfer & Belfer,* for Clara Starr and another.

WINGATE, S. Petitioners have propounded for probate as the last will and testament of decedent an instrument dated December 16, 1933. A notice of appearance has been filed by Clara Starr, a legatee under an alleged prior will of October 24, 1933, and a

notice of appearance and objections to probate by Samuel Avidon, an executor thereunder. The motion by petitioners is to strike out these appearances and objections, on the ground that neither of the aforementioned parties is entitled under section 147 of the Surrogate's Court Act to file objections to the present probate; specifically, in that the earlier will, under which each claims, was duly revoked by destruction on December 18, 1933, two days subsequent to the execution of the propounded paper. The contestant asserts that the will of October 24, 1933, has not been revoked.

It is obvious that the application cannot be granted on the papers now before the court, a distinct issue having been presented. Nor are petitioners now entitled to a hearing upon the question of revocation. As was recently stated by this court, the " clear purpose of section 147 of the Surrogate's Court Act is to confer upon every person having a right to a distributive share of a decedent's estate either as distributee or as devisee, legatee, executor, testamentary trustee or guardian under an alleged prior will a right to contest the probate of the instrument propounded as decedent's last will." (*Matter of Short*, N. Y. L. J. Mar. 30, 1934, p. 1528.) If as a condition precedent to his right to file objections to probate, one claiming under a prior will were required, upon objection raised, to establish the validity in law of the instrument under which his claim was based, the expense involved in the usual will contest would soon prove prohibitive to the parties and devastating to the estate. In the instant case, involving only one alleged prior will, not an unusual situation, two trials of practically the same issues would be required. The objections of contestant Avidon, as well as those filed herein by certain of the distributees, raise issues of testamentary capacity, fraud and undue influence. The execution of the propounded paper, and the claimed revocation of the earlier will, were but two days apart. The evidence of fraud, undue influence and testamentary capacity required in each hearing would be in substance identical. Two trials would be required in any event, for, regardless of the outcome of the first hearing, the objections of the distributees remain. A logical application of petitioners' theory would require a distributee to establish through successive hearings the invalidity of each intermediate instrument alleged to be a will before he would be entitled as a " person interested in the event " to object to the probate of the propounded paper. Such inequitable result was not the legislative intent. A devisee, legatee, executor, testamentary trustee or guardian under an alleged prior will which gives evidence of regularity of execution is entitled, under usual conditions, to file objections to

the probate of a subsequently executed instrument. Exceptions there may be; none is here presented. The execution of the instrument of October 24, 1933, having been satisfactorily shown, the application to strike out the appearances of Clara Starr and Samuel Avidon, and the objections of Samuel Avidon, is denied.

The question remains as to whether the persons mentioned beneficially or in representative capacity under the will of October 24, 1933, are necessary parties to this probate proceeding and entitled to be cited herein under the provisions of section 140 of the Surrogate's Court Act. The reasonable intendment of a statute must at all times be sought and followed. The filing of the original instrument of October 24, 1933, has been shown to be a physical impossibility. The execution thereof is herein conceded, its contents are not disputed, and a copy has been filed with the court. Under these circumstances, each devisee, legatee, executor, testamentary trustee and guardian mentioned therein who has not appeared must be cited.

Settle order on notice.