In the Matter of the Probate of the Will of JOHN A. DICKS, Deceased.

MARGARET E. DICKS, as Executrix of JOHN A. DICKS, Deceased, Appellant; NATHAN RELIN, Intervener, Respondent.

Fourth Department, November 17, 1943.

*James K. Feely* (*Arthur VD. Chamberlain* of counsel), for appellant.

*George J. Skivington* for respondent.

*Per Curiam.* The will of decedent being offered for probate, Nathan Relin intervenes and contests probate on the ground that the alleged will was induced by fraud. Mr. Relin is not an heir of the testator; the only interest he claims to have arises from the fact that he is a devisee named in another will made by testator and ante-dating the will here offered for probate.

The executrix appeals from an order made by Surrogate's Court, denying her motion first to try, separately, the issue of Mr. Relin's status as an interested party. Apparently it is conceded that the will in which Mr. Relin is interested was physically destroyed at about the time of the execution of the will which is offered for probate.

Section 143 of the Surrogate's Court Act provides that: " A lost or destroyed will can be admitted to probate in a surrogate's court, but only in case the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime ".

The rule and practice of requiring a separate trial, preliminarily, of the question of the right of a party to appear and contest a will probate, are so universal that it is unnecessary to cite authorities to prove the rule and the reasons therefor. *Matter of Erlanger* (136 Misc. 784), affirmed in 229 App. Div. 778, as well as *Matter of Evans* (165 Misc. 752, at p. 759), affirmed in 258 App. Div. 1037, 284 N. Y. 571, state the rule clearly.

Contestant does not dispute the rule, but argues that it should not be followed in this case for the reason that the beneficiary under the will now offered for probate was guilty of fraud not only in procuring the destruction of the former will but in procuring the making of the will now offered for probate, and that the trial of the two issues will so run together that it would be folly to make two trials of the issues.

The argument is more ingenious than sound. Great confusion and mischief would result from allowing persons having no interest to intervene in probate proceedings and cause expensive trials to be had on their bare claim of an interest.

The order should be reversed, with ten dollars costs and disbursements and the motion granted, without costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Order reversed, with ten dollars costs and disbursements and motion granted, without costs.