In the Matter of the Probate of the Will of KONRAD FEHRINGER, Deceased.

LEO BROGAN et al., as Executors, Petitioners; GEORGE BOOCHEVER et al., Respondents.

Surrogate's Court, Westchester County, May 23, 1944.

*E. Lacy Finnan* and *John A. Wilson* for petitioners.

*George Boochever,* respondent in person and for Eugene A. Hegy, respondent.

GRIFFITHS, S. In this probate proceeding petitioners, the executors named in the propounded instrument dated January 5, 1944, have moved to amend their petition by striking out the names of Eugene A. Hegy and George Boochever as parties and to vacate the citation issued to them.

Petitioners allege that at the time of preparing and filing herein the probate petition they were informed that an earlier will allegedly made by decedent and dated October 4, 1941, was in existence and that the respondents Eugene A. Hegy and George Boochever were named therein as executors. Subsequent to the issuance of citation to the respondents, but prior to service upon them, the instant motion was made, proponents alleging that since the filing of their petition they had ascertained that the earlier will had been duly revoked by physical destruction on the occasion of the execution of the propounded

instrument. In opposing the motion the respondents urge: (1) that there is no authority for the motion; (2) that the motion does not afford the respondents a trial by jury on the issue of fact regarding the revocation of the alleged prior will; and (3) the proponents having named the respondents as parties are now estopped from denying their interests in this proceeding.

On the hearing had herein George Boochever, counsel for himself and the other respondent, answered an inquiry of the court with respect to the existence of the original will dated October 4, 1941, as follows: " I have not been able to get the original." Counsel further informed the court that he had prepared a petition for the probate of the said earlier will as a lost will. Upon a further inquiry regarding such petition, counsel stated, " I file it now." In spite of such statement and additional statements of a like tenor, an examination of the records of this office indicates that the requisite filing fee has not been paid and the petition has not been filed.

The ensuing statements by counsel and the court are pertinent to the issue of the propriety of the procedure that followed. The court stated in part: " This is on the motion to eliminate these parties as parties in the probate of the second will and if it is going to be necessary for Mr. Boochever to produce evidence on the existence of the prior will I am going to give him opportunity to do that." The court then inquired: " Mr. Boochever, are you in position to produce your witnesses in court ", to which he replied: " I have not the slightest desire to delay or be technical. If these gentlemen are prepared to put on witnesses I am willing to let them start." The court then stated: " This is on the question of the present existence of the prior will ", Mr. Boochever adding: " Or on any other question you desire. I will open the whole door." After discussing the question of whether jurisdiction had been obtained over all necessary and proper parties interested in the later will, the court stated: " Therefore, with the consent of Mr. Boochever, we will take the testimony, Mr. Wilson, now and I take it you waive the possibility of any parties not being in court and you will get their consent ", to which Mr. Boochever responded: " Yes." Thereupon testimony was taken with respect to the circumstances surrounding the execution of the later will and the revocation by destruction of the earlier will. At the conclusion of the hearings counsel for respondents reiterated his position that any offer to probate the earlier will be deemed withdrawn. Thereafter, however, and by per-

mission of the court, opposing affidavits bearing date antedating the first hearing and which requested a trial by jury of the issue of revocation were filed herein *nunc pro tunc* as of March 30, 1944.

An examination of the conformed copy of the earlier will, which was received in evidence, shows that the dispositive provisions are exactly the same as those in the later will; in both instruments the decedent left his entire estate to his only distributee, a daughter. The only material change made by the later will was to substitute petitioners as executors in the place and stead of the respondents Eugene A. Hegy and George Boochever.

Inasmuch as the original of the earlier document is not on file, it is clear that the persons named as executors therein have no status under the provisions of section 140 of the Surrogate's Court Act. It is urged, however, that since the circumstances are such that the original instrument is necessarily not available to the respondents and consequently cannot be filed, the respondents are proper parties to file objections under section 147 of the Surrogate's Court Act. So far as pertinent to the present issue, section 147 reads in part as follows: " § 147. *Who may file objections to the probate of an alleged will; jury trial.* Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate; * * * or is interested as devisee, legatee, executor, testamentary trustee or guardian in any other will or codicil alleged to have been made by the same testator *and not duly revoked by him;* may file objections to any will or codicil so offered for probate." (Last italics mine.)

In the first place, this section must be read and applied in the light of the provisions of section 140. It would seem that in the absence of a motion to intervene only such persons over whom the court had obtained jurisdiction by citation, or otherwise, may file objections. In the instant case it is to be noted that although the respondents were named in the probate petition as proper parties and citation was issued to them they were not served. Even assuming, however, that persons within the class enumerated in section 147, over whom the court has not obtained jurisdiction, may be deemed parties to the proceeding for the purpose of filing objections, nevertheless, where the petitioners allege and seek to establish that the will in which the respondents were named as executors was duly revoked, orderly procedure dictates the determination of the status of respondents preliminarily. (*Matter of Cook,* 244 N. Y. 63; *Matter of Erlanger,* 136 Misc. 784, affd. 229 App.

Div. 778.) It is to be inferred, of course, that the converse of the statutory provision is also true that where " any other will or codicil alleged to have been made by the same testator " has been *duly revoked* the executors and other parties therein named may *not* file objections. If it appears therefore that the testamentary document in which parties are named as fiduciaries or beneficiaries has been duly revoked, they have no status to file objections. Nor does the naming of the respondents in the probate petition give them a status to contest the will which otherwise they would not have. (*Matter of Hamilton,* 76 Hun 200.)

It is well settled that the Surrogate's Court possesses ample power and authority to determine preliminarily the status of parties to proceedings and ordinarily no constitutional right to trial by jury of any issue of fact incident to such determination exists. (Surrogate's Ct. Act, § 40; Civ. Prac. Act, § 443, subd. 3; *Matter of Cook, supra; Matter of Erlanger, supra; Matter of Wendel,* 143 Misc. 480.) In *Matter of Cook (supra)* Judge CRANE, writing for the court, stated at page 72: " The surrogate must always determine on an application to probate a will who are the proper parties to be cited and who are entitled to contest. These questions are not for a jury as a matter of right, although section 68 authorizes a jury trial in the discretion of the surrogate. That these preliminary issues should be heard separate and apart from the probate proceedings and before the main contest, is not only justified by section 443, subdivision 3, of the Civil Practice Act, but apparently has been the uniform practice in the Surrogates' Courts. (*Matter of Fox,* 166 App. Div. 718; *Matter of Comins,* 9 App. Div. 492; *Matter of McGarren,* 112 App. Div. 503; *Matter of Hamilton,* 76 Hun 200; *Matter of Peaslee,* 73 Hun 113; *Matter of Zimmerman,* 104 Misc. Rep. 516; *Matter of Guilford's Will,* 185 N. Y. Supp. 248.) Such procedure would seem necessary in order to simplify the issues if the validity of a will is being tried out before a jury. Experience teaches that the issues for a jury should be as simple and as few as possible." Moreover, the statements and conduct of counsel for respondents, as hereinabove outlined, were tantamount to a consent to a determination preliminarily by the court without a jury of the issue of revocation by destruction of the earlier will. Also, as is clearly indicated by the record, the respondents were afforded ample opportunity to file a petition for the probate of the earlier instrument as a lost will and having failed to avail themselves of such opportunity must be deemed to have elected that the

court, without a jury, determine in this proceeding upon the proof presented the issue of the alleged destruction of the earlier will in lieu of instituting a separate proceeding therefor under section 143 of the Surrogate's Court Act.

In conclusion I am satisfied that the rule enunciated in *Matter of Cook* (244 N. Y. 63, *supra*) is applicable and controlling in the case at bar and that the procedure adopted was in accordance with well-established principles.

On the merits I am satisfied that the prior will was duly revoked by destruction in accordance with the provisions of section 34 of the Decedent Estate Law. One of the witnesses, the draftsman of the later will, is a reputable attorney practicing in this county and the other is his secretary who typed the instrument. The testimony of these witnesses demonstrated beyond any question of doubt, in the mind of the court, that the prior will was duly revoked by destruction on the occasion of the execution of the later will.

Accordingly the motion is granted to strike out as parties to this pending probate proceeding the respondents Eugene A. Hegy and George Boochever.

Settle order.