In the Matter of the Probate of the Will of EMMA H. ROSE, Deceased.

Surrogate's Court, New York County, May 19, 1945.

*Samuel M. Lane* for Hiram C. Todd, proponent.

*Robert McCormack* for Preston M. Neilson, proponent.

*William T. Van Alstyne* for Henry A. Alker, contestant.

*James N. Vaughan,* special guardian for Charity E. Alker and others, infants, contestants.

DELEHANTY, S. In the proceeding now pending to establish as the last will of deceased the paper executed by her on August 31, 1944, objections were interposed by a legatee under a paper signed by deceased on May 11, 1942. Intermediate these two papers deceased executed another dated June 8, 1943. The objectant in question has no interest under the intermediate paper. The proponents now move to strike out the objections on the ground that they are interposed by a party not interested in the proceeding. While the instruments other than the propounded paper are not actually on file the parties are in agreement that each of them exists physically and that they have not been revoked unless the operative effect of the papers respectively later in date worked a revocation of the papers respectively earlier in date. No point is made that the earlier papers have not been filed formally. Their production for filing could be compelled. (Surrogate's Ct. Act, § 137.)

The motion to dismiss the objections is denied in all respects. Section 147 of the Surrogate's Court Act provides that any person interested in the event, including a person " * * * interested as * * * legatee * * * in any other will or codicil alleged to have been made by the same testator and not duly revoked * * * " may file objections. This text is all-inclusive. If the words of the statute are given their ordinary meaning there can be no doubt of contestant's right to oppose probate. This decision might well rest on the plain words of the statute but it may be useful to note the history of the statute.

There is always open in a probate proceeding the question whether the instrument propounded constitutes the last will of deceased. There is no presumption in favor of any will. Our Statute of Wills requires that there exist testamentary capacity on the part of a testator, that he must be of a certain age and that he must conform to the minimum requirements of the Statute of Wills in the signature to, the publication of and the witnessing of the propounded paper before even a prima facie case is made by a proponent.

The intermediate paper signed by deceased is in no better case than is the one now propounded. If the propounded paper be denied probate the prior paper carries no presumption of authenticity but must be proved just as any other instrument alleged to be the will of deceased must be proved. The rule contended for by the moving parties would confirm the successful exploitation of a testator by two selfish groups who succeeded by undue influence or fraud exercised at different times in procuring purported wills to be signed in their favor respectively. If the proponents' view were to prevail the controversy over a deceased's testamentary instruments would be limited in such a case to the two groups of exploiters who need only agree to divide the spoils and thus deny to the actual legatees and devisees of deceased under an earlier and valid will any chance to be heard. The statute does not contemplate any such division of a deceased's property among exploiters nor does it contemplate the exclusion from a will controversy of any person having a real interest in determining which of many papers constitutes the true will of deceased. The requirement that the distributees of a deceased be made parties to every probate proceeding is based upon the right which they have to attack *every* will propounded, no matter how many there are. The distributees of a deceased are in no different position as to any particular paper than are the beneficiaries (not distributees) under every paper prior to the one propounded. Each group — distributees and legatees under prior wills — is entitled to challenge the validity of the propounded paper and to have the court determine in their presence and after hearing them whether the propounded paper is deceased's valid will.

The history of section 147 of the Surrogate's Court Act confirms the views here stated. It has its immediate source in section 2617 of the Code of Civil Procedure as such section was enacted following the Report of the Commission to Revise the Practice and Procedure in Surrogates' Courts (Sen. Doc.

No. 23, February 9, 1914).  The commission's distinguished membership had had individual experience with the practice and procedure in Surrogates' Courts.  When it took up the revision of chapter 18 of the Code of Civil Procedure it found in the code a section 2617 which, so far as pertinent here, provided: " Any person, although not cited, who is named as a devisee or legatee in the will propounded, or as executor, trustee, devisee or legatee in any other paper purporting to be a will of the decedent, or who is otherwise interested in sustaining or defeating the will, may appear, and, at his election, support or oppose the application.  A person so appearing becomes a party to the special proceeding.  But this section does not affect a right or interest of such a person unless he so becomes a party."  The revisers did two things which are indicative of their understanding of what the law and practice had been and indicative, too, of their intention to restate the existing law in a more effective form.  They proposed a new section 2617 of the Code of Civil Procedure which, so far as here pertinent, provided: " Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate; or interested as heir-at-law, next of kin, or otherwise, in any property, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of or affected, by a will or codicil offered for probate; or is interested as devisee, legatee, executor, trustee or testamentary * * * guardian in any other will or codicil alleged to have been made by the same testator and not duly revoked by him; may file objections to any will or codicil so offered for probate."

In addition to thus recasting the language of the original section 2617 the revisers also added some new text to a section which they renumbered 2610.  This renumbered section *required* the petitioner in a probate proceeding to cite the spouse and the heirs of a testator if the will dealt exclusively with realty; to cite the spouse and the next of kin of a testator if the will dealt exclusively with personalty; and to cite the spouse and both heirs and next of kin if the will dealt with both types of property.  The new text suggested by the commission provided that the class of *necessary* parties must also include: " In every case, each person designated in the will as executor, testamentary trustee or guardian, and each person named as executor, testamentary trustee or guardian, or beneficiary in any other will of the same testator filed in the surrogate's office."  This amended section 2610 is now section 140 of the Surrogate's Court Act.

The effect of the two changes made by the revisers was to confirm the theretofore established right of a person claiming as legatee in *any* paper purporting to be the will of a deceased *to appear voluntarily* and to contest. It made *mandatory,* however, the citing of every person claiming to be a beneficiary in *any prior or later* will than the one propounded *if such will were actually on file.* The notes of the revisers make it clear that there was no intention otherwise to change the prior practice as to necessary or permissive parties in a probate contest. The original section 2617 describes the permissive parties as inclusive of a " legatee in any other paper purporting to be a will of the decedent * * * ". The text of the new section 2617 rephrased the quoted material and described the permissive parties as inclusive of a " * * * legatee * * * in any other will or codicil alleged to have been made by the same testator and not duly revoked by him * * *." Consideration of the original text, of the newly constructed section 2617, of the amendment to section 2610 *and of the notes* removes any doubt that the revisers continued and confirmed the right granted by the old section 2617 to a legatee in a purported will to appear in the proceeding.

The basic necessity for admitting as litigants all persons interested in prior testamentary instruments is made clear by some of the decided cases. In *Matter of Davis* (182 N. Y. 468) the court affirmed an order of the surrogate admitting to a probate contest as contestant an administrator appointed by a foreign State. Of his status the opinion says (p. 473): " He had an interest to protect and the right to become a party to the proceeding, so as to see that no paper purporting to be a will of the decedent was admitted to probate unless it was genuine and executed by a competent person according to law. " The practice in this state, so far as it has been established, is in accord with these views. Thus, intervention has been allowed by a legatee under a prior will though he was neither an heir at law nor next of kin of the testator * * *."

Earlier, at page 472, the court had said that a pecuniary interest rather than one resting on sentiment or sympathy was a prerequisite and then it went on to say: " * * * but any one who would be deprived of property in the broad sense of the word, or who would become entitled to property by the probate of a will, is authorized to appear and be heard upon the subject. Conflict of jurisdiction and delay in administration may then be avoided. *This accords with the general rule that every one may ask to be heard before a decree is made which may*

*affect his rights, even if it does not finally determine them.
Necessary* parties *must* be brought in and *proper* parties *may*
be, upon applying in due form and season." (Emphasis sup-
plied.) The court then said that the section of the Code of
Civil Procedure under consideration was new and that in some
respects it formulated " but in others amplifies, the practice
existing before the Code." It cited with approval *Matter of
Greeley's Will* (15 Abb. Prac. [N. S.] 393, 394) in which Surro-
gate COFFIN had said, in 1873, that the then operative revised
statutes provided " * * * that the executor, devisee, or
legatee named in any last will, or any person interested in the
estate, may have the will proved." Surrogate COFFIN went on
to say (p. 395): " *Any interest, however slight, and even, it
seems, the bare possibility of an interest, is sufficient to entitle
a party to oppose a testamentary paper * * *.*" (Emphasis
supplied.) Surrogate COFFIN cited Williams on Executors
(p. 284, and Dayton on Surrogates' Practice (pp. 158, 159).
The textwriters referred to confirm the right of the objectant
to be heard in this proceeding. So did Mr. Surrogate WINGATE
in *Matter of Cohen* (151 Misc. 98) where he restated the opinion
theretofore expressed by him in *Matter of Short* (N. Y. L. J.,
March 30, 1934, p. 1528, col. 3) to the effect that the " clear
purpose of section 147 of the Surrogate's Court Act is to
confer upon every person having a right to a distributive share
of a decedent's estate either as distributee or as devisee,
legatee, executor, testamentary trustee or guardian under an
alleged prior will a right to contest the probate of that instru-
ment propounded as decedent's last will."

The fundamental nature of the absolute right of a legatee
under a prior paper to appear and be heard is stated cogently
by the General Term of the Supreme Court in this department
in *Booth* v. *Kitchen* (7 Hun 260, 265) thus:

" It is not the policy of the laws to deprive parties of their
proprietary rights and interests without affording them an
opportunity to be first heard, and *the requirement cannot be
justly satisfied by a formal hearing in their behalf by other
parties whose interests may be best subserved by the failure
of the claim made.* No such hearing upon the validity of this
codicil has been had as the interests of the applicants require,
and it could not properly be had without their presence, as
parties to the proceeding, with the privilege of producing evi-
dence to maintain their claims. (Emphasis supplied.)

" The provision of the statute declaring the effect of the
probate of a will of personal estate would be entirely unreason-

able, and, probably, unconstitutional, without the right to such a hearing, before the surrogate, of parties against whom it should be held conclusive, for it would be attended with the result of depriving persons of their property without due process of law. This right to be heard by parties intended to be concluded by the probate has been maintained by authority."

For all the reasons stated the motion to dismiss the objections is denied. Submit, on notice, order accordingly.