In the Matter of the Probate of the Will of VALENTINE O. ASPENLEITER, Deceased.

Surrogate's Court, Monroe County, April 26, 1946.

*Willard W. Holbrook* for petitioners.

*James G. Dale* for Harold G. Aspenleiter, respondent.

WITMER, S. In this proceeding for the probate of the alleged last will and testament of Valentine O. Aspenleiter, deceased, several distributees, namely, Charles J. Aspenleiter, Clara McMullen and Eleanor Irene McMullen, have interposed objections, and Harold G. Aspenleiter, a legatee and executor named in an alleged prior will and codicil thereto has also filed objec-

tions. The latter and Charles J. Aspenleiter have made a joint answer, it appearing that said Charles J. Aspenleiter was also named as legatee in the alleged prior will. Harold G. Aspenleiter, who will be referred to herein as the contestant, since none of the other contestants are immediately concerned with this motion, was not named in the propounded instrument except that it was provided therein that the gift to Albert Aspenleiter, the incompetent brother of the testator and the father of the contestant, should go to his heirs if he predeceased the testator. Albert Aspenleiter survived the testator.

The contestant, in paragraphs 3, 4, 5 and 6 of his answer, alleges that the prior will was duly executed by the testator on April 5, 1944, and that the codicil thereto was duly executed by the testator on March 21, 1945. Copies of the alleged prior will and codicil are annexed to the answer and made a part thereof. The contestant further alleges therein that said will and codicil were not revoked by the testator, but were fraudulently destroyed in his lifetime. In paragraphs 7, 8 and 9 of his answer the contestant alleges that the propounded will was not properly executed, that the testator was not competent to make a will on the date thereof, January 18, 1946, and that said will was not the voluntary act of the testator, but that it was executed and obtained as a result of fraud and undue influence practiced upon him. An examination of the witnesses to the execution of the propounded will was had, from which it appears that at the time the testator completed executing said will, he instructed his attorney to destroy the two previous testamentary documents, and they were then destroyed.

The proponents have moved for an order requiring the contestant, on a preliminary hearing before the Surrogate without a jury, to establish his status as one entitled to object in this proceeding. Their motion is supported by the affidavit of one of their attorneys, Willard W. Holbrook. The affidavit contains argument but no new statement of fact. No denial is made or question raised as to the truth of the allegations in paragraphs 3, 4, 5 and 6 of contestant's answer. In this connection it is noted that one of the attorneys for the proponents, who is also one of the proponents, was a subscribing witness to the alleged prior will and codicil, and that it appears that he drafted and supervised the execution of the propounded will.

Section 147 of the Surrogate's Court Act provides that " Any person interested in the event * * * as devisee, legatee, executor * * * in any other will or codicil *alleged* to have been made by the same testator and not duly revoked by him;

may file objections to any will or codicil so offered for probate.''
(Italics mine.) The statute does not require one claiming the
right to object, as a legatee or executor named in a prior will,
to prove the prior will as though it were to be admitted to
probate, in order to establish his status, in the absence of a
bona fide issue as to the validity of the prior will, raised in
behalf of proponents, other than the claim of revocation upon
the execution of the propounded will. The word '' alleged ''
in the section means something. It means that if the contestant
makes such allegations in good faith, and the reasonable assump-
tion therefrom and the facts before the court, in the absence
of any denial, is that such allegations are true, the contestant
has sufficient status to object without more. Otherwise an undue
burden may be placed upon the courts. This ruling does not
unnecessarily burden the proponents; but regardless of that,
it appears to be the fair intendment of the statute.

The petition for probate and the answer containing the objec-
tions constitute the pleadings. (*Matter of Hearns*, 214 N. Y.
426, 432; *Matter of Caldwell*, 186 Misc. 60.) The contents of
the answer will ordinarily be deemed denied by the proponents,
just as in an answer in the Supreme Court. (Surrogate's Ct.
Act, § 316; Civ. Prac. Act, § 243; Bradford Butler on New York
Surrogate Law and Practice, § 439.) However, where the
answer contains new matter which on its face establishes the
status of the contestant, '' but the petitioner questions the truth
of the facts alleged, his remedy is to serve a reply, raising such
issues of fact as he deems justified, and to move for their pre-
liminary trial, which   *   *   *   must be had before the Surro-
gate without a jury.'' (2 Bradford Butler on New York Sur-
rogate Law and Practice, § 1057.) For the proponents to suc-
ceed on motion to separately try the issues, they must, of course,
show that there is a separate issue. However, they have not
raised such an issue herein. Even if it be assumed that the
affirmative allegations in paragraphs 3, 4, 5 and 6 of the answer
stand denied, that is not enough. Their denial must show that
it is not subject to a motion to strike out for sham, that there
is reasonable ground for doubt as to the alleged status and for
demanding a preliminary hearing on the question. This stands
on the ordinary principles which govern any pleading. Once
such a state of the pleadings exists, the proponents are entitled
to require the contestant to prove his status in a separate
preliminary trial. In the absence of a reply or an affidavit in
support of the motion in good faith controverting some allega-
tion of the pertinent paragraphs of the answer, there is no issue

on the question of status before the court for determination. Accordingly the motion for preliminary trial must fail.

At best, proponents' motion may be deemed one to dismiss the objections on the face of the pleadings as a matter of law. In such case also the motion must be denied. (*Matter of Rose,* 185 Misc. 33; *Matter of Cohen,* 151 Misc. 98; *Booth* v. *Kitchen,* 7 Hun 260; *Matter of Greeley's Will,* 15 Abb. Prac. [N. S.] 393 [1873]; *Matter of Chittenden,* 1 Tuck. 135 [1869]; *Turhune* v. *Brookfield,* 1 Redf. 220 [1854]; and see 2 Bradford Butler on New York Surrogate Law and Practice, § 1036.)

In *Matter of Cohen* (*supra,* p. 99) Surrogate WINGATE said: " Nor are petitioners now entitled to a hearing upon the question of revocation." In *Booth* v. *Kitchen* (*supra*) a first codicil was revoked by a second. The court said at page 264 " Whether it [the first codicil which named nonheirs] was revoked must depend, as the formal requisites seem to have been observed in its execution, upon the testamentary capacity of the testator at the time of the execution of the last codicil, and his freedom from imposition, control and undue influence. That can only appear by proof, and such proof properly constitutes a portion of the entire proof of the will, and the applicants alone are interested in making it for the protection of their claims to these legacies, and have yet had no opportunity to produce it." In *Matter of Greeley's Will* (*supra,* pp. 394–395) the court said: " Our statute (3 *Rev. Stat.,* 5 ed. 146), provides that the executor, devisee, or legatee named in any last will, or any person interested in the estate, may have the will proved. Any interest, however slight, and even, it seems, the bare possibility of an interest, is sufficient to entitle a party to oppose a testamentary paper (*Will. on Ex.,* 284; *Dayt. Surr.,* 158, 159). The executors named in the will of 1871 have clearly, by statute, an express right to have that will proved, if they can establish the fact that it is the last will, and they may rightfully contend against the validity of any alleged subsequent will as an obstacle in the way of establishing the will under which they claim. Their interest in this regard is very apparent. For, if they can succeed in establishing their will, the title * * * vests in them, in possession, &c., — indeed, did so vest presently upon the testator's death (*Will. on Ex.,* 531). The probate, or letters testamentary, is merely operative as the authenticated evidence, and not at all as the foundation of the executor's title; for he derives all his interest from the will itself, and the property of the deceased vests in him from the moment of the testator's death (*Dayt. Surr.,* 213, citing *Will. on Ex.,* 255). If, however, the will of 1872 should be

established as the valid last will, then the title would be elsewhere. Thus, the proponent and contestants are trying their alleged titles." In *Matter of Chittenden* (*supra*), Surrogate TUCKER at first refused to allow a legatee, not a next of kin, named in a prior will which had been destroyed, to intervene and contest a propounded will. The legatee then started an action in Supreme Court to establish the destroyed will and submitted an affidavit of such fact to the Surrogate. The court said (p. 136) " I can therefore no longer refuse to recognize him as a contestant. I must assume that he has commenced his action in the Supreme Court in good faith. He now stands as representing a former testamentary paper, which he claims would be established and valid if he can defeat the probate of the one before me. I, therefore, admit Sterne Chittenden as legatee under an alleged former will, as a party contestant in this proceeding." In the case of *Turhune* v. *Brookfield* (*supra*, p. 220) the Surrogate said: " Upon the return of the citation, Hannah Brookfield appeared * * * and claimed the right to intervene and oppose the probate of the will, on the ground that she was a legatee under a former will * * *. Upon the production of the former will, and the proof that it was executed by the testator in the form prescribed by law, the legatee has sufficient interest to entitle her to intervene and to oppose the probate of the will offered."

Proponents cite as conclusive on this motion *Matter of Dicks* (267 App. Div. 117 [4th Dept.]) and the cases therein cited, as well as *Matter of Cook* (217 App. Div. 342, affd. 244 N. Y. 63) and other cases. Most of the cited cases involved a determination of the status of one claiming to be a widow or next of kin or claiming in a capacity distinguishable from the case at bar. I find no case where a preliminary trial has been granted on facts similar to this case. In *Matter of Dicks* (*supra*) the record on appeal discloses that the testator had executed two wills between the propounded will and the one under which claimant sought to contest; that in each of the three later wills all prior wills were revoked; that the testator stated on drawing one of the later wills that the one under which contestant made his claim of right to contest was induced through misrepresentation; and it further appeared that said contestant was the only one objecting to the probate of the propounded will. Such facts are far different from those presented in the instant case.

Here, for the purposes of this motion at least, it stands admitted that the prior will and codicil were properly executed and became valid testamentary documents, and they remained

so to the date of death of the testator, except for the acts which took place at the time of the execution of the propounded will. Where the only doubt that can be cast upon the prior will is the question of its revocation at the time of execution of the propounded will, I hold that a legatee and executor under such prior will has sufficient status to entitle him to object to the probate of the later will. (See *Matter of Sharp,* 134 Misc. 405, 407, affd. 230 App. Div. 730; *Matter of Quick,* 147 Misc. 28, 37.)

This decision in no way militates against that of the *Dicks* case (*supra*). There, definite doubts were raised as to the validity of the prior will, namely, that the prior will was obtained through misrepresentation, that the testator executed the intervening wills with the express purpose, in part, of revoking the prior will, and was advised that it was revoked by the mere execution of the later wills, and that, in addition to the three testamentary revocations of the prior will, on another occasion the testator revoked said will by physically destroying it. Under such circumstances, as was stated in the *Dicks* case (*supra*), it is the universal rule and practice to require a separate preliminary trial of the question of the contestant's right to appear and contest the will. *Matter of Fehringer* (183 Misc. 438) also follows such rule.

Proponents' motion herein is denied, with costs to the contestant, without prejudice, however, to proponents' right to reply to the answer or by affidavit on a new motion to show a state of facts which tend to establish that the prior will and codicil were not valid testamentary instruments at the time of death of the testator. As above indicated, such showing must be something besides the claim that said will was revoked at the time of the execution of the propounded will.

Submit order in accordance herewith.