In the Matter of the Estate of WALTON I. AIMS, Deceased.

Surrogate's Court, New York County, April 3, 1950.

*Moore, Oppido & van Horne* for Manufacturers Trust Company, petitioner.

*Joseph A. Cox* for Francis J. Mulligan, as Public Administrator of New York County, respondent.

*Debevoise, Plimpton & McLean* for Peter M. Aimes, respondent.

*Hatch, Wolfe, Nash & Ten Eyck* for Elizabeth H. Woodward, respondent.

*William Potter Lage* for Eunice H. Thompson and another, respondents.

*George A. Spohr, Jr.,* and *P. E. Conforti* for Amelia Rinoldi, respondent.

COLLINS, S. The residuary legatee under the propounded will moves to strike out the answer and objections of respondents Eunice H. Thompson, Mary D. H. Thompson and Elizabeth H. Woodward. These respondents are not distributees of the testator. They have appeared on the basis of an allegation in their answer that they are named as legatees in a will which antedated the propounded instrument and which has not been duly revoked. The prior will has not been produced. The moving party has submitted an affidavit of a witness wherein it is stated that the prior will was intentionally destroyed by the testator on March 7, 1945, almost two months after the execution of the propounded instrument. The notice of motion specifies the fol-

lowing grounds for striking out the answers of respondents: (1) The contestants are not proper parties to this proceeding: (2) the prior will dated February 21, 1940, has not been filed in this court; (3) the prior will was not in existence at the time of the testator's death, and (4) it was not fraudulently destroyed in his lifetime; (5) said prior will was delivered to the testator and then and there destroyed by him in the presence of a witness; (6) even if it were not then and there actually destroyed, the presumption prevails that it was revoked by the testator in his lifetime; (7) at the time of the execution of the last will on January 18, 1945, the testator was advised that the execution of that will revoked any prior will and "said testator so understood and intended."

Section 147 of the Surrogate's Court Act, permits the filing of objections in a probate proceeding by any person interested as legatee "in any other will or codicil alleged to have been made by the same testator and not duly revoked by him." The allegation in the answer of respondents brings them within the terms of section 147. That allegation has not been put in issue by any pleading. Moreover, it is not directly contradicted in the motion papers. First, it is not disputed that respondents were named as legatees in the 1940 will. The attorney for proponent drafted both wills. The moving party quotes a portion of his examination as a subscribing witness to the 1945 will, wherein a copy of the 1940 will was produced and marked for identification. Secondly, there is no contention, or even a mere assertion, in any of the papers that the 1940 will was effectively revoked in any way except by the 1945 will. There is an allegation that the prior will was torn up by the testator nearly two months after the execution of the last will, but no statement that it was destroyed *animo revocandi*. Such an allegation appears to be scrupulously avoided. The argument of the moving party, as developed in the motion papers and in her brief, is that the motion challenges the status of three contestants and that once status has been thus disputed, the court must conduct a preliminary hearing at which these contestants will carry the burden of establishing either that the will was in existence at the time of testator's death or that it was fraudulently destroyed in his lifetime (Surrogate's Ct. Act, § 143). The moving party frankly states in her papers that the burden of proving a destroyed will is a heavy one and that "the task undertaken by the objectants would appear to be insurmountable." She asks the court to conduct a preliminary hearing of the status of the three contestants.

The usual practice in the Surrogate's Court is to hear, separate and apart from the main contest, preliminary issues involving the status of a party to the proceeding. (*Matter of Cook,* 244 N. Y. 63; *Matter of Evans,* 165 Misc. 752, 759, affd. 258 App. Div. 1037, affd. 284 N. Y. 571; *Matter of Dicks,* 267 App. Div. 117.) In the ordinary case, trial of the preliminary issue will consume less time and entail less expense than the trial of the main issues. Persons who have no real interest in an estate are not permitted to involve an estate in expensive litigation upon a bare assertion of interest. With respect to persons claiming under a prior will, section 147 appears to permit their intervention upon a mere allegation of the making of such will, but, of course, that allegation can be put in issue like any other material fact. The direction for separate trial of one or more issues in any proceeding prior to the trial of the main issues therein, is a matter that rests in the discretion of the court. (Civ. Prac. Act, § 443, subd. 3.) Varying factors in different cases may dictate contrary decisions. Thus in *Matter of Dicks (supra)* and in *Matter of Fehringer* (183 Misc. 438) a preliminary trial of the status of objectant was directed when the lost or destroyed will under which he claimed was challenged. In *Matter of Cohen* (151 Misc. 98) and in *Matter of Aspenleiter* (187 Misc. 167) there was a refusal to direct a preliminary trial of the existence or revocation of the will under which objectant claimed.

In *Matter of Dicks (supra)* the Appellate Division reversed the Acting Surrogate of Monroe County who had refused to direct a preliminary trial and it directed that there be first separately tried the issue whether contestant was a legatee under a prior valid will. It was apparently conceded on the appeal that the will under which contestant claimed, was destroyed at or about the time of the execution of the will offered for probate. The relevant facts are not fully stated in the decision. The opinion *Per Curiam* said (p. 119): " Great confusion and mischief would result from allowing persons having no interest to intervene in probate proceedings and cause expensive trials to be had on their bare claim of an interest." Other facts disclosed by the record in that case are commented upon by Surrogate WITMER in *Matter of Aspenleiter* (187 Misc. 167, 172, 173). It appeared that contestant was the only one objecting to probate of the last will, that the will under which he claimed was stated by testator to have been induced by misrepresentation, that testator made a later will for the express purpose of revoking that will and that on another occasion he revoked it by physical destruction. All these facts, taken together, were suffi-

cient to require a direction that contestant preliminarily establish his status.

In *Matter of Fehringer* (183 Misc. 438, *supra*) it appeared that the contestants, who were the executors named in the destroyed will, elected to have the court determine in that proceeding the issue of the destruction of the earlier will, in lieu of instituting a separate proceeding to establish the prior will. The question involved in the preliminary trial was the narrow question of revocation. The only difference between the' propounded will and the prior will was the identity of the executors and the elimination of them as contestants obviated the necessity of litigating the probate proceeding. The evidence showed beyond doubt the revocation of the prior will by destruction. The case was one where the direction for preliminary hearing was plainly required.

In *Matter of Cohen* (151 Misc. 98, *supra*) the will under which contestant claimed was said to have been revoked by destruction two days after the execution of the propounded paper. Objections had also been filed by distributees of the testator, thus necessitating a trial of the main proceeding in any event, and the " evidence of fraud, undue influence and testamentary capacity required in each hearing would be in substance identical.'' Surrogate WINGATE said (p. 99) : " If as a condition precedent ·to his right to file objections to probate, one claiming under a prior will were required, upon objection raised, to establish the validity in law of the instrument under · which his claim was based, the expense involved in the usual will contest would soon prove prohibitive to the parties and devastating to the estate.'' Under the circumstances the court refused to direct a preliminary trial of the status of the contestant claiming under the earlier will.

The same result was reached in *Matter of Aspenleiter* (187 Misc. 167, *supra*). There, as in the other cited cases, the earlier will was destroyed during the lifetime of the testator. The destruction took place at the time of execution of the propounded will. The court held that section 147 of the Surrogate's Court Act does not require contestant to establish his status by proving the prior will as though it were to be admitted to probate, in the absence of a bona fide issue as to the validity of the prior will other than the claim of revocation by the propounded will. Such issue, said the court, can be properly raised only by reply to the new matter alleged in the answer.

" Here, for the purposes of this motion at least, it stands admitted that the prior will and codicil were properly executed

and became valid testamentary documents, and they remained so to the date of death of the testator, except for the acts which took place at the time of the execution of the propounded will. Where the only doubt that can be cast upon the prior will is the question of its revocation at the time of execution of the propounded will, I hold that a legatee and executor under such prior will has sufficient status to entitle him to object to the probate of the later will.'' (Pp. 172–173.)

*Matter of Rose* (185 Misc. 33), while not involving a lost or destroyed will, contains a discussion of the history and purpose of section 147 of the Surrogate's Court Act. The contestants in that case were beneficiaries under an early will. Intermediate that will and the propounded will the testator executed a will under which contestants took nothing. Surrogate DELEHANTY said (p. 37): '' The original section 2617 [Code of Civil Procedure] describes the permissive parties as inclusive of a ' legatee in any other paper purporting to be a will of the decedent * * * '. The text of the new section 2617 rephrased the quoted material and described the permissive parties as inclusive of a ' * * * legatee * * * in any other will or codicil alleged to have been made by the same testator and not duly revoked by him * * *.' Consideration of the original text, of the newly constructed section 2617, of the amendment to section 2610 *and of the notes* removes any doubt that the revisers· continued and confirmed the right granted by the old section 2617 to a legatee in a purported will to appear in the proceeding.''

In the pending case the issue of a revocation of the 1940 will, wholly separate and apart from the propounded will, is not tendered directly by any pleading or even indirectly by a categorical allegation in the motion papers. The only reference to revocation is to the presumption that arises from the failure to find a will that was known to have been in the possession of the testator. The affidavits submitted by the moving party, however, describe a destruction by the testator with the statement: '' I will not need this any more.'' The contention of the moving party is that the revocation of the prior will occurred when the later will was made. The existence of the earlier will and the extent of respondents' interests are not denied. The moving party, therefore, seeks merely to put respondents to proof of the necessary facts to establish a lost or destroyed will in the hope that respondents may find themselves out of court for failure to sustain the burden of proof in the preliminary contest. There are cases where time and expense might be

possibly saved by such procedure. Here, however, identical objections have been interposed by other parties, and as a result there would be a certainty of two contests instead of one. The issues of fraud, undue influence and testamentary capacity would be substantially the same in both contests. The two separate contests would consume additional time and expense. Moreover, the informal trial for probate of the earlier will would not be conclusive as to other persons and a denial of probate of the propounded will would necessitate a regular and formal trial for probate of the earlier will. For these reasons the court, in the exercise of its discretion, will not direct a hearing on a preliminary issue of the establishment of the 1940 will.

Submit order on notice accordingly.