Edgar F. Hazleton, S.
This is an application by petitioner, who is the daughter of the decedent, to open up the probate proceeding in her father’s estate so that she can come in and file objections to his will. She says she was not served with a citation. The respondent, who was decedent’s late widow, confesses the charge but urges by way of avoidance that the daughter, being illegitimate, cannot share in her father’s estate and accordingly is not an interested party. Some preliminary testimony has been taken and this court understands that it has the power to preliminarily resolve the status of the daughter.
My answer is that the petitioner was not left out of the probate proceedings because of inadvertence or mistake, but was deliberately by-passed by respondent, who had knowledge of the facts. This court cannot condone such procedure and disregard of a constitutional right. “ The basic necessity for admitting as litigants in a probate proceeding all persons who have an interest to protect, was made clear in Matter of Davis (182 N. Y. 468); Matter of Rose (185 Misc. 33); Matter of Aspenleiter (187 Misc. 167), and Matter of Zimmerman (104 Misc. 516). In the latter case the court at pages 541-542 stated ‘ it is apparent that liberality as to parties to contested probates is an inherited tradition of great antiquity in courts of this character. * * * ’ In Matter of Greeley, 15 Abb. Pr. (N. S.) 393, in the year 1873, Surrogate Coffin held that any interest, however slight, or even the bare possibility of an interest, was sufficient to entitle a party to appear in opposition to the probate of a testamentary paper.” (Matter of Carll, 201 Misc. 829, 833.) “ It is not the policy of the laws to deprive parties of their proprietary rights and interests without affording them an opportunity to be first heard ”. (Matter of Rose, supra, p. 38.)
The right to file objections to the probate of a will is a property right which belonged to petitioner. (Matter of Burridge, 234 App. Div. 457, revd. on other grounds 261 N. Y. 225.) *213 Whether or not the daughter was born of a legal marriage, she being the daughter of decedent may have at least some right to protect which in the interests of justice and out of regard for orderly procedure would entitle her to be cited. There is no doubt that decedent acknowledged petitioner to be his daughter, whether she was born of a lawful union or otherwise, and the tendency today is to give the status of a distributee to a child who has been acknowledged by its father even though born out of wedlock.
The daughter is entitled to her day in court. Therefore, her petition is granted and the decree admitting her father’s will to probate without notice to her is vacated and set aside. Therefore, status quo ante will be restored from which point petitioner may proceed as advised.
Submit order on notice.