Joseph A. Cox, S.
The paper propounded as the last will of this decedent is dated April 22,1948. Objections to its probate have been made by a person named as a legatee in an instrument dated April 19, 1946. The proponent of the 1948 paper asserts that the instrument of April, 1946 was revoked by an instrument dated August 21, 1946, which provided no benefit to the contestant herein, and that, by reason of the revocation effected by the instrument of intervening date, the objectant lacks a status to contest the propounded paper. The proponent has moved to strike the objections to probate or, in the alternative, for a preliminary trial of the issue of the contestant’s status.
Either of the reliefs here sought could be granted only after a trial of the validity of the instrument of August 21, 1946 and if, upon such a trial, it were found that such instrument was a valid will at the time of its execution and that it revoked the instrument of earliest date, proof of the validity of the instrument of latest date still would be required for its admission to probate. Examinations have been had of a subscribing witness to the propounded paper, of another witness regarding the identification of the signature of a deceased attesting witness and of the draftsman of this paper. Were a trial of the intervening instrument to be had, further extensive examinations would be required in preparation for that trial. The court is of the opinion that the delay and expense occasioned by the proof of an instrument which nobody claims to be effective as the last will would not serve the interests of the estate (Matter of Irvin, 19 Misc 2d 41) inasmuch as, in any event, the proponent ultimately will be required to establish the validity of the paper offered for probate (Matter of Rose, 185 Misc. 33; Matter of Aims, 199 Misc. 185; Matter of Hendrickson, 99 N. Y. S. 2d 664).
The motion is denied. Submit order on notice.