W. Vincent Grady, S.
Application has been made for the probate of the last will and testament of B. Baymond Bikert dated October 30, 1954 and a citation was issued to those mentioned in a previous will also filed who were adversely affected by the later will.
On the return date of said citation Northern Dutchess Health Service Center, Benson B. Frost, Esq., and Mildred B. Zegelbrier (Young), three adversely affected by the later will, appeared by their respective attorneys and demanded an examination of the attesting witnesses to the will offered for probate.
The proponent responded by moving for the examination of the attesting witnesses on the prior will of decedent dated April 6, 1951 in which the present contestants were beneficiaries.
After hearing the arguments of attorneys for the respective parties and after reading the memoranda submitted by them and after due deliberation thereon, the court decides and finds as follows:
The question to be determined is whether proponent should be permitted an examination of the witnesses to the prior will in which contestants were named beneficiaries before an examination is had of the attesting witnesses by said (legatees) contestants of the will now offered for probate.
First of all, let us examine the applicable statutes.
Section 147 of the Surrogate’s Court Act provides who may file objections to the probate of an alleged will. ‘ ‘ Any person interested in the event as devisee, legatee or otherwise, in a will or codicil offered for probate * * * or is interested as devisee, legatee, executor, testamentary trustee or guardian in any other will or codicil alleged to have been made by the same *494 testator and not duly revoked by him; may file objections to any will or codicil so offered for probate.”
Section 140 of the Surrogate’s Court Act provides: The following persons must be cited upon a petition, presented as prescribed in the last section (On probate): “In every case, each person designated in the will as executor, testamentary trustee or guardian, and each person named as executor, testamentary trustee or guardian, or beneficiary in any other will of the same testator filed in the surrogate’s office.”
Now, let us examine some of the cases where this matter has been the subject of several decisions.
In Matter of Aims (199 Misc. 185, 191 [New York County, 1950]), Surrogate Collins stated that the existence of the earlier will and the extent of respondent’s interests are not denied. The moving party, therefore, seeks merely to put respondents to proof of the necessary facts to establish a lost or destroyed will in the hope that respondents may find themselves out of court for failure to sustain a burden of proof in the preliminary contest. He stated further: “identical objections have been interposed by other parties, and as a result there would be a certainty of two contests instead of one * * * Moreover, the informal trial for probate of the earlier will would not be conclusive as to other persons and a denial of probate of the propounded will would necessitate a regular and formal trial for probate of the earlier will. For these reasons the court, in the exercise of its discretion, will not direct a hearing on a preliminary issue of the establishment of the 1940 will.”
In the Matter of Cohen (151 Misc. 98 [Kings County, 1934]) persons mentioned as beneficiaries or in a representative capacity in an alleged prior will, which gives evidence of regularity of execution, are entitled, under usual conditions, to appear and file objections to the probate of a subsequently executed instrument. (Surrogate’s Ct. Act, § 147.) Accordingly, a motion by the petitioners, proponents of decedent’s will, to strike out the appearances of persons and the objections to probate of one of said persons, claiming under a prioY and apparently a duly executed will, which instrument the petitioners claimed was duly revoked by destruction two days subsequent to the execution of the propounded instrument, should be denied. Surrogate Wingate held: “It seems, that if as a condition precedent to one’s right to file objections to probate, one claiming under a prior will were required, upon objection raised, to establish the validity in law of the instrument under which his claim is based, the expense involved in the usual will contest would be prohibitive to the parties and devastating to the estate,” He *495 further stated (pp. 99-100) “ the ‘ clear purpose of section 147 of the Surrogate’s Court Act is to confer upon every person having a right to a distributive share of a decedent’s estate either as distributee or as devisee, legatee, executor, testamentary trustee or guardian under an alleged prior will a right to contest the probate of the instrument propounded as decedent’s last will.’ * * * A logical application of petitioners’ theory would require a distributee to establish through successive hearings the invalidity of each intermediate instrument alleged to be a will before he would be entitled as a 1 person interested in the event ’ to object to the probate of the propounded paper. Such inequitable result was not the legislative intent. A devisee, legatee, executor, testamentary trustee or guardian under an alleged prior will which gives evidence of regularity of execution is entitled, under usual conditions, to file objections to the probate of a subsequently executed instrument. ’ ’
In Matter of Rose (185 Misc. 33, 34), Surrogate Delehanty stated: “The proponents now move to strike out the objections on the ground that they are interposed by a party not interested in the proceeding. While the instruments other than the propounded paper are not actually on file the parties are in agreement that each of them exists physically and that they have not been revoked unless the operative effect of the papers respectively later in date worked a revocation of the papers respectively earlier in date * * * The motion to dismiss the objections is denied in all respects.” The court quoted section 147 of the Surrogate’s Court Act and said that if the words of the statute are given their ordinary meaning there can be no doubt of contestant’s right to oppose probate. This decision might well rest on the plain words of the statute but it may be useful to note the history of the statute. The requirement that the distributees of a deceased be made parties to every probate proceeding is based upon the right which they have to attack every will propounded, no matter how many there are. The distributees of the deceased are in no different position as to any particular paper than are the beneficiaries (not distributees) under every paper prior to the one propounded. Each group — distributees and legatees under prior wills — is entitled to challenge the validity of the propounded paper and to have the court determine in their presence and after hearing them whether the propounded paper is deceased’s valid will.
In Matter of Aspenleiter (187 Misc. 167, 169, 170 [Monroe County, 1946]), Surrogate Wither stated: “The proponents have moved for an order requiring the contestant, on a prelimi *496 nary hearing before the Surrogate without a jury, to establish his status as one entitled to object in this proceeding * * * The statute [Surrogate’s Ct. Act, § 147] does not require one claiming the right to object, as a legatee or executor named in a prior will, to prove the prior will as though it were to be admitted to probate, in order to establish his status, in the absence of a bona fide issue as to the validity of the prior will, raised in behalf of proponents, other than the claim of revocation upon the execution of the propounded will. The word ‘ alleged ’ in the statute [§ 147] means something. It means that if the contestant makes such allegations in good faith * * * the contestant has sufficient status to object without more.”
In the instant case, the contestants, the legatees under a prior will filed with this court, were duly cited and have appeared and wish to examine the witnesses to the alleged will offered for probate. The prior will gives evidence of regularity, and in the opinion of this court contestant’s rights have been established under section 147 of the Surrogate’s Court Act and they are entitled to the examination requested and they may file objections thereafter.
For these reasons the court, in the exercise of its discretion, denies the motion of proponent and directs an examination of the attesting witnesses of the alleged will offered for probate.