S. Samuel Di Falco, S.
Two motions instituted by the nominated fiduciaries separately for orders .striking out the answer, objections and appearance of the testator’s former wife upon the ground that she is not a person interested in the estate within the meaning of section 147 of the Surrogate’s Court Act and section 87 of the Decedent Estate Law are before the court in this proceeding for probate of the will. The moving parties challenge the status of the respondent upon the ground that she had waived her entire interest in the estate in a separation agreement that she had executed prior to obtaining a concededly valid Mexican divorce from the decedent which was followed by his marriage to the proponent widow. The respondent acknowledging the execution of the agreement and the issuance of the decree of divorce, does not deny that these circumstances would operate to deprive her of the right to challenge the validity of the will hut she insists that her position as an objectant is nevertheless preserved because of the fact that in an earlier will she was named as a legatee entitled to a bequest which the testator purportedly revoked in the propounded paper.
*191 Under the terms of the separation agreement which conferred upon the respondent the status of a creditor of her husband’s estate, it was provided that the relinquishment by each of the parties of his or her statutory rights as the other’s distributee would not prevent either from voluntarily providing for the survivor by his or her will. This provision does not provide the basis of the respondent’s claim for it has no relation to the situation now existing because of the fact no legacy was created by the testator for the benefit of the respondent in the paper offered for probate. The respondent maintains, however, that as a legatee under a prior will which was executed prior to the separation agreement and which was purportedly revoked by the later instrument, she clearly comes within the category created in section 147 of the Surrogate’s Court Act providing that “ Any person interested in the event as * * # legatee * * * in any other will or codicil alleged to have been made by the same testator and not duly revoked by him; may file objections to any will or codicil so offered for probate.”
No one disputes the fact that the respondent upon obtaining the Mexican divorce became disqualified from sharing in the estate as a surviving spouse. Similarly it is not denied that the separation agreement constituted a complete release and waiver of any other statutory right to participate in the distribution of her husband’s property (Matter of Cook, 244 N. Y. 63; Matter of Rathscheck, 300 N. Y. 346). It is abundantly clear, however, that as the will on which the respondent relies, executed on July 10,1957, provided a legacy for her benefit in the amount of $25,000 which was purportedly revoked by the propounded paper and codicil executed on December 18, 1962 and March 22, 1963, she is possessed of the capacity to challenge the later papers by reason of the provisions of section 147 of the Surrogate’s Court Act. The reason for the rule, as was pointed out by Mr. Surrogate Delehaety in Matter of Rose (185 Misc. 33) is set forth in the .statement of the General Term of this Department in Booth v. Kitchen (7 Hun 260, 265) where the court said:
“It is not the policy of the laws to deprive parties of their proprietary rights and interests without affording them an opportunity to be first heard, and the requirement cannot be justly satisfied by a formal hearing in their behalf by other parties whose interests may be best subserved by the failure of the claim made. No such hearing upon the validity of this codicil has been had as the interests of the applicants require, and it could not properly be had without their presence? as parties *192 to the proceeding, with the privilege of producing evidence to maintain their claims. (Emphasis supplied.)
“ The provision of the statute declaring the effect of the probate of a will of personal estate would be entirely unreasonable, and, probably, unconstitutional, without the right to such a hearing, before the surrogate, of parties against whom it should be held conclusive, for it would be attended with the result of depriving persons of their property without due process of law. This right to be heard by parties intended to be concluded by the probate has been maintained by authority.”
In the Rose case it appeared that a number of intermediate testamentary papers had been executed by the testator between the times of the execution of the will on which the legatee involved was relying and the execution of the will offered for probate. It appeared also that the earlier will had not been filed in this court so as to have required that citation issue to the legatee in accordance with the provisions of section 140 of the Surrogate’s Court Act. Surrogate Delehanty ignored these considerations in arriving at the result for which the respondent in this proceeding argues. He pointed out as had Mr. Surrogate McG-ary in Matter of O’Connor (51 N. Y. S. 2d 684) that the fact that the production of the earlier will could be required under section 137 of the Surrogate’s Court Act, made it unnecessary to ground the right of the respondent to the relief she seeks upon a showing that the will was in fact filed. That condition if so it can be described, has been waived here in any event in view of the fact that the respondent was in fact served with citation in the proceeding.
Upon the authority of the cases cited and the clear direction of the statute, it is plain that the respondent as a person whose legacy under the prior will is threatened by the propounded paper, is entitled to challenge the later instrument in this proceeding and the motions to dismiss her objections are accordingly denied.