Otto C. Jaegeb, S.
This is a proceeding for the probate of an
instrument dated October 11,1962 and two codicils thereto dated September 6, 1963 and April 22, 1967.
Before the court is a motion by the proponent to dismiss the broadside objections filed by respondent, Anita F. Manville, on the ground that she lacks status to object under SOPA 1410, and for an order vacating a notice served by her former attorney to examine the witnesses to the propounded will and codicils. SOPA 1410 provides that “ Any person whose interest in the property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or of any portion thereof.”
The respondent, whose status is challenged, was cited herein because she was named in the petition as a divorced spotise of decedent. In her objections to probate the respondent alleged an interest both as a distributee and as a legatee in another unrevoked will which was subsequently filed and which is dated May 2, 1961.
In an action for a declaratory judgment brought by the respondent in Supreme Court, New York County, against the decedent and the petitioner herein, judgment was entered on June 15,1967, in favor of the defendants, upholding the validity of the divorce which dissolved the marriage between the respondent and the decedent. Appeals to the Appellate Division and the Court of Appeals have been dismissed (22 N Y 2d 934) and a motion for a new trial has been denied. In view of this final *882 determination, it is clear that the respondent lacks status as a distributee in the present proceeding and her status, if any, must derive from the instrument dated May 2, 1961.
The 1961 instrument purports to be signed at the end by the decedent and three witnesses. However, the proponent’s handwriting expert states in his affidavit that if the samples furnished him of decedent’s signature are genuine, then decedent’s purported signature on the 1961 instrument is not genuine. The motion papers indicate further that the identity and whereabouts of two of the purported witnesses are unknown and it is alleged that an investigation reveals that no such persons resided or were employed at or after the date of the 1961 instrument at the addresses given therein. The third witness is alleged to be an attorney, now deceased. His former law associate and proponent’s handwriting expert both state in their affidavits that his signature is not, in their opinion, genuine.
In view of the above and other facts and circumstances which have come to the attention of the court, a serious doubt has been cast upon the genuineness of the instrument from which the respondent claims to derive her status.
Practical considerations dictate the general practice in the Surrogate’s Court of trying first all of the issues relating to the will bearing the latest date. “ It is thought that this order of trial will save time and expense and will expedite the administration of a'ssets” (Matter of Irvin, 19 Misc 2d 41).
It is clear, however, that the Surrogate has power, in his discretion, to determine as a preliminary issue the right of a party to contest a will (Matter of Cook, 244 N. Y. 63; Matter of Albright, 309 N. Y. 126) and, in the exercise of that discretion, may conduct a preliminary hearing on issues pertaining to an earlier will from which status, if any, is derived. So, for example, in a number of cases, a preliminary hearing has been held on the issue of revocation of the prior will (Matter of Dicks, 267 App. Div. 117; Matter of Vieillard, 15 Misc 2d 836; Matter of Fehringer, 183 Misc. 438). The court has found no case either granting ,or denying a preliminary hearing on the issue of genuineness of the prior will upon which the contestant’s status depends. There is, however, no doubt that such a hearing may be held where there are reasonable grounds for believing that time and expense will be saved by following that procedure.
Such grounds exist here. The respondent whose status is challenged is the only party who has filed objections to the propounded instrument dated October 11,1962 and the codicil dated September 6, 1963. If as the result of a preliminary hearing it is determined that the respondent lacks status, a protracted and *883 expensive jury trial on the many issues raised by those objections will be avoided. Moreover, a preliminary hearing would be held before the court without a jury (Matter of Cook, supra; Matter of Erlanger, 136 Misc. 784, affd. 229 App. Div. 778) and would be confined to the narrow issue of whether the 1961 instrument is genuine. Since there is a very real possibility that it is not, it is the opinion of the court that such a hearing would best serve the interests of justice.
The motion insofar as it seeks to dismiss the objections will be held in abeyance pending a determination as to the genuineness of the purported 1961 will.
The motion insofar as it seeks to vacate the notice to examine witnesses is granted, without prejudice to the respondent’s right to an examination if her status should be established.
A separate motion before the court for an order requiring the respondent to produce the original of the purported 1961 will and to be examined with regard thereto is denied. Subsequent to the return date of the motion the respondent filed the original in the court. The denial of this motion is without prejudice to the right of the proponent to seek an examination of the respondent in connection with the preliminary hearing to be held herein ( Matter of Sakel, 9 A D 2d 763).