OPINION OF THE COURT
Frank D. Paulo, S.
The proponent has moved for an order dismissing the objections filed by one of the legatees to the probate of paragraph "eighth” of the last will and testament of the decedent.
The proponent’s contention on this motion is that the objectant, a legatee under the last will and testament of the decedent, and not a distributee, would lose all of her interest if the will now before the court for probate was denied probate. The proponent cites, for the court’s attention, certain recognized cases that hold, as a matter of law, that where an objectant would not obtain any financial gain by a will offered for probate being denied probate, he has no standing to file objections. (See Matter of Turner, 86 Misc 2d 132; Matter of *1055 Chadwell, 55 Misc 2d 1033, 1034; Matter of Rikert, 25 Misc 2d 492.)
The issue presented, however, by these objections filed is a much narrower one. The objectant, in her objections, consents to the probate of the entire will, with the exception of paragraph "eighth” of said will. The issue presented, therefore, by this motion, is not one raised on the probate of the will, but one in which there is objection only to the paragraph that named the proponent as a sole executor and trustee. The legatee, in her objections, alleges "that this paragraph was inserted in said will by mistake of the draftsman thereof, contrary to the instructions of the Testator, and without his knowledge during his lifetime.”
The objectant, in her affirmation in opposition to the motion brought by the proponent, says that she is a person entitled to object under SCPA 103 (subd 36).
The Court of Appeals in Matter of Weinstock (40 NY2d 1), has held, where somewhat analogous charges were made, that a species of constructive fraud existed, which warranted the Surrogate in denying probate to a paragraph appointing a father and son, both of whom were attorneys, as executors of a will.
The objections filed also raise a question under SCPA 707 as to whether the proponent is eligible under the statute to be appointed as fiduciary.
While the court has found no case directly in point with the issues raised, the court is satisfied that the objectant, as a legatee under the terms of this will, has a sufficient interest in the qualifications of the executor named to manage the assets in this estate to file objections to his appointment on the grounds alleged. (See Matter of Scheu, 29 AD2d 626.)
The motion is denied.