JULE M. HERRMANN, Plaintiff, v. THE OSBORNE COMPANY, a Corporation, Defendant.

Supreme Court, New York County, February 26, 1927.

Depositions — examination of officers of corporation before trial — general examination before trial in action for libel cannot be had in First Department — examination objectionable on ground it seeks to pry into defendant's affirmative defenses — defendant by permitting examination of New York manager and failing to move to vacate notice did not waive right to object — examination is not continuation of prior examination of defendant's New York manager — examination denied on ground of laches — production of books and papers unnecessary under circumstances.

In an action for libel in the First Department, plaintiff is not entitled to a general examination before trial of the officers of the defendant corporation.

Moreover, the proposed examination must be denied since the notice therefor deals in matters which are no part of the complaint and actually seeks to pry into affirmative defenses set up in defendant's answer.

The defendant by permitting its New York manager to furnish what might seem to be innocuous testimony and by failing to move to vacate the notice, did not necessarily waive its right to object in the premises. The examination cannot be said to be a continuation of a prior examination of defendant's New York manager, for plaintiff is in reality not seeking an examination of the manager in this instance but to examine persons or officers of the defendant, none of whom are identified with its New York office.

Furthermore, the examination must be denied on the ground of laches, where plaintiff waited more than a year and a half after examining the defendant's New York manager before proceeding with this application.

Plaintiff's application for the production of certain correspondence, books and records of the defendant for use in connection with the examination, necessarily must be denied under the circumstances.

MOTION by plaintiff " for an order directing the examination before trial of the defendant  *  *  *  to be resumed and continued," and for the production of certain correspondence, books and records for use in connection with such examination.

*Arthur L. Davis,* for the plaintiff.

*Woodward, Dennis & Buhler,* for the defendant.

LEVY, J. On May 14, 1925, a notice for defendant's examination and a *subpœna duces tecum* were served upon one Kartel, the manager of its New York office. He appeared for examination pursuant to the notice and subpœna but brought no books or records with him. In the course of his examination he testified he had no access to these documents which were in Newark at the home office of defendant, a New Jersey corporation. The examination was adjourned for the purpose of having plaintiff's

counsel inform the attorney for defendant just what papers or writings he felt he was entitled to examine and wished produced. Upon being furnished with such a statement, defendant's attorney questioned plaintiff's right to the examination of the books and records asked for, and suggested that a formal application be made for a court ruling in the premises. Although this occurred in June, 1925, plaintiff's counsel made no attempt to obtain such a ruling or to take further steps until the making of this motion, shortly before the cause was scheduled to appear upon the day calendar. On this application for a so-called continuation of the examination, plaintiff asks that defendant appear *not by Kartel* but by one of its officers with knowledge of the facts and circumstances of the case, assigning as a reason for this the fact that Kartel's testimony indicated that he had no personal knowledge of the subject-matter of the inquiry. There can be no question but that defendant would have been entitled to an order vacating the notice of examination had it originally applied for such relief. The action is one of libel in which a general examination before trial will not be granted in this department. (*Welling* v. *Kugel,* 215 App. Div. 770, affg., without opinion, the decision at Special Term, Part I, N. Y. L. J. July 29, 1925; *Shaw* v. *Samley Realty Co., Inc.,* 201 App. Div. 433.) Moreover, there are additional objections to the examination. Item 1 of the notice deals with matters which are no part of the complaint and really seeks to pry into the affirmative defenses set up in the answer; item 2 goes far beyond the allegations of the complaint and is altogether too general in scope; item 3 is open to the same objection, not to speak of the fact that it deals in large part with inferences to be drawn from the alleged libelous letter, *the writing of which is admitted in the answer.*

As the examination appears to be improper, the production of the books and records to be used in connection therewith would obviously be equally unauthorized. I am of opinion that defendant in permitting Kartel to furnish what might seem to be innocuous testimony rather than trouble itself with any effort to vacate the notice, did not necessarily waive its right to object in the premises. Besides, the plaintiff is, in reality, not seeking a continuation of Kartel's examination but an entirely new investigation, and in respect to persons or officers of defendant, none of whom are identified with its New York office. In any event, plaintiff's unexcused laches in waiting more than a year and a half until the very eve of the trial would appear to constitute in itself a sufficient reason for the denial of the inquiry.

The motion is denied.