In the Matter of the Estate of Charles T. Ash, Deceased.*

Surrogate's Court, New York County, March 23, 1938.

*Walton, Bannister & Stitt*, for the Guaranty Trust Company, proponent.

*Julian D. Rosenberg*, for Frank Ash, contestant.

*Allin & Tucker*, for the Young Men's Christian Association, legatee.

*Curtis, Belknap & Webb*, for the Young Women's Christian Association, legatee.

*Matthew B. Sentner*, for the New York Association for the Blind, Inc., legatee.

*Osborn, Fleming & Whittlesey* [*George N. Whittlesey* of counsel], for the Children's Aid Society, legatee.

* Affd., 254 App. Div. ——.

*J. Hutton Hinch,* for Ann Lydiard and Mary Beatrice Johnson, legatees.

*Gwinn & Pell,* for Frederick S. Lyon, legatee.

FOLEY, S. The application is granted only to the extent of authorizing the examination of Edgar L. Kost and Frederick S. Lyon, legatees, and the proponent, which is the corporate executor named in the propounded instrument. It is denied as to the remaining persons sought to be examined.

Mrs. Lydiard and Mrs. Johnson are not parties adverse to the contestant. They are within the same class with him. They would gain by a rejection of probate and would take less than their intestate share if either the will last in point of time or the prior will was admitted to probate. The persons who may be examined in a probate contest have been generally defined over a long series of years by the decisions of the surrogates and by the determinations of the Appellate Division of this Department. (*Matter of Levy,* 198 App. Div. 773; *Matter of Frank,* 165 Misc. 411.) Such examinations have been limited to adverse parties who are charged with undue influence in the objections. It would be a gross abuse of the right of examination to permit the contestant to postpone the time of trial by examinations of other next of kin or other legatees under a prior will similarly situated to the contestant, who could gain nothing by the result of a contest or who would actually lose by the admission of the will which the contestant seeks to attack.

A mere allegation in the objections that a person is charged with undue influence may not make such person the subject of examination before trial. The person so charged may be a person not interested in the estate and, therefore, not a party. Such a person so charged, although a party, may not be an *adverse* party.

Further reason and additional authority for the denial of the examination of Mrs. Lydiard and Mrs. Johnson may be found in my decisions in *Matter of Kuttroff* (N. Y. L. J. May 26, 1936, p. 2689; Id. July 10, 1936, p. 102; affd., 248 App. Div. 869), where a similar situation was involved.

There is even greater reason for denying the application to examine the husbands of Mrs. Lydiard and Mrs. Johnson, the grandnieces of the decedent. They apparently have been sought to be examined not as adverse parties, but as witnesses. There are certain decisions which hold that in extraordinary cases a witness may be examined. No such exceptional circumstances have been developed here.

More than one-half of the estate was given to recognized charitable corporations, the New York Association for the Blind, the Children's

Aid Society, the Young Men's Christian Association of the City of New York and the Young Women's Christian Association of the City of New York. The person principally charged with undue influence, Mr. Kost, received a relatively small part of the estate under the propounded paper, his interest being approximately one-twelfth of the residuary estate, or somewhat less than twenty thousand dollars. The other beneficiary charged with undue influence is bequeathed one-thirty-seventh of the residuary estate, or less than $5,000. The two grand-nieces of the decedent are given approximately one-third of the residue to be divided between them.

It is claimed that the will was executed within a short time after the testator suffered a cerebral stroke. He was of advanced years, but old age of itself does not destroy a will. The propounded paper is dated November 28, 1936. It was drawn and executed under the supervision of a reputable attorney. The previous instrument had been executed on March 21, 1936, under the preparation and supervision of another reputable attorney. Its general terms parallel the provisions of the later will. An examination of the subscribing witnesses appears to have been held. The contestant is at liberty to call those persons whose examination has been denied here, as witnesses upon the trial.

My comments on the nature of the contest have only been required by the argument of counsel for the contestant that the case is an extraordinary one requiring unusual and extraordinary action by the surrogate. These observations have been limited to the allegations contained in the affidavits presented for and against the granting of the motion as a basis for determination. They are not intended to be a characterization of the real issues in the case, which necessarily must await the presentation of actual evidence upon the trial.

Submit order on notice accordingly.