In the Matter of Proving the Last Will and Testament of MARY FINNEGAN, Deceased, Late of Springfield, Queens County. ANASTASIA HAYES and PATRICK LOWERY, Appellants; HERBERT BALSER, as Executor, etc., of MARY FINNEGAN, Deceased, and JOSEPH B. MITCHELL, as Executor Named in a Prior Will of MARY FINNEGAN, Deceased, Respondents.— Appeal from a decree of the Surrogate's Court of Queens County admitting a will and codicil to probate upon a directed verdict. Decree, in so far as appealed from, affirmed, with costs to respondent Balser payable out of the estate. No opinion. Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., dissents and votes to reverse and to deny probate to the will and codicil, with the following memorandum: The proof shows that the will and codicil were not published to McLellan, whose name is appended as a witness thereto.

In the Matter of the Petition of EDWARD A. SMITH, Appellant, for an Order, under Article 78 of the Civil Practice Act, against RAYMOND J. WHITNEY, as City Manager of, and as Acting Commissioner of Public Safety of, the City of Yonkers, Respondent.— Appeal from a final order in a proceeding under article 78 of the Civil Practice Act denying petitioner's application for reinstatement to the position of dog catcher in the city of Yonkers and for payment for back salary from January 1, 1941. Order unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Probate of the Last Will and Testament of FRANK VANCE, Deceased. FRED E. VANCE, Appellant; ADDIE VANCE, as Executrix, etc., of FRANK VANCE, Deceased, Respondent; J. ALLAN BALLMAN, as Special Guardian for WILLIAM VANCE, an Incompetent Person.— Decree of the Surrogate's Court of Orange County admitting will of Frank Vance, deceased, to probate and dismissing objections of appellant thereto, unanimously affirmed, with costs payable by appellant personally. In the event the will were set aside the decedent's wife, the sole beneficiary under the will, would take the entire estate if it were of a value of $10,000 or less. It was, therefore, proper to conduct a preliminary inquiry to ascertain the value of the estate. On such an inquiry, where appellant had an opportunity to adduce proof, it appeared conclusively that the value of the estate was less than $5,000; hence, appellant had no practical interest in the estate and was not entitled to a jury trial on his objections. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

MIDVALE REALTY CORP., Respondent, v. HARRY SILBERSTEIN, Appellant, and ARTHUR GOLDBERG and Others, Defendants.— Appeal by plaintiff from an order denying the motion of the defendant Silberstein to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. Order affirmed, with ten dollars costs and disbursements. Appellant's time to answer is extended until ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

BERTA MURPHY, WILLIAM MURPHY and Others, Appellants, v. THE LONG ISLAND RAILROAD COMPANY, Respondent.— As the result of a collision at a grade crossing between an automobile owned by one of the plaintiffs and defendant's passenger train, plaintiffs seek to recover damages for personal injuries, for medical expenses and loss of services, and for property damage. Plaintiffs appeal from an order setting aside verdicts in their favor and granting a new trial. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.