MAX BROOME, Plaintiff, *v.* HYMAN PERLMAN, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, August 19, 1942.

*Hyman Grill,* for the plaintiff.

*Julius Droisen,* for the defendant.

WATSON, J. Plaintiff moves for an order directing the defendant to appear for examination before trial. The motion is opposed on the ground that the affidavit in support thereof is made by plaintiff's attorney, who does not state that he is familiar with the facts of the action. No challenge is made to the materiality or necessity of the examination or to the manner in which the

items are framed. Should the motion be denied on this technical objection, justice would require the granting of leave to renew the application. That procedure would impose upon the attorneys and the court unnecessary labor and waste of time where obviously the irregularity or informality complained of does not prejudice the rights of the defendant and where the pleadings and moving papers disclose the materiality and necessity of the examination for the purpose of using the deposition at the trial.

It seems to me that as a practical matter, the attorney for the moving party, to whom the facts of the action were given, is better able than his client to determine under the statute and the rules that the testimony of the adverse party is material and necessary in the prosecution or defense of the action.

Under the technical practice followed pursuant to sections 870, 872 and 873 of the Code of Civil Procedure, an affidavit of the party's attorney in support of a motion for examination before trial was declared insufficient and resulted in a denial of the motion (*Orne* v. *Greene*, 74 App. Div. 404.) Enactment of the Civil Practice Act (Art. 29, §§ 288–309) changed that procedure and is designed in the furtherance of justice to simplify the practice and discard the numerous technical requirements of the Code of Civil Procedure.

In *Buehler* v. *Bush* (200 App. Div. 206, 208) the court pointed out that " The intent and purpose of the Civil Practice Act is to remove from proceedings of this character all procedural trammels and to permit examinations of adverse parties with as few restrictions as possible." Pertinent to that thought is the expression of the court in *Breault* v. *Embossing Company, Inc.* (253 App. Div. 175, 176, 177) : " The time has come when courts should let it be definitely understood that the practice of examining an adverse party before trial should not be hampered by technical requirements so long as the inquiry is directed to relevant issues. * * * The trend of present day thought is to permit great liberality in such examinations."

I am constrained to hold that the objection is insufficient to defeat the application.

The motion is granted.