In the Matter of the Estate of PHILIP KAPLAN, Deceased.

Surrogate's Court, New York County, July 2, 1948.

*Burack & Burack* for Evelyn Lesser, proponent.

*Samuel J. Wilt* for Joseph Kaplan and others.

COLLINS, S. The motion to vacate item (a) of the notice of examination before trial is denied. The court interprets the subject matter of the examination as all transactions and conversations relevant to the issues raised in the objections. It is not necessary for contestant to enumerate in detail all the matters sought to be inquired into. (*Matter of Frank,* 165 Misc. 411, 414.) The period covered in the proposed examination is reasonable. (*Matter of Frank, supra; Matter of Dalton,* 185 Misc. 785.) The mental capacity of the decedent is a proper subject of the examination before trial. (*Matter of Korn,* 265 App. Div. 987; *Dorros, Inc.,* v. *Dorros Bros.,* 274 App. Div. 11.) The physical condition of the decedent is relevant on the issue of undue influence. (*Matter of Ruef,* 180 App. Div. 203, 205.)

The motion to vacate item (b) of the notice of examination is granted. The production of books and records can be compelled only by an order made at the instance of the party requesting the production of the books and records and cannot be compelled in a notice for examination. (*Schmoll Fils Associated* v. *Baltic American Line,* 231 App. Div. 231; *Soehner* v. *Aplo Clothing Co.,* 251 App. Div. 793; *Rochester* v. *Bergen,* 263 App. Div. 733.)

In respect of any books, records or documents belonging to the decedent or to his estate, the court will require their production by the proponent during the examination and will require that contestant be given an opportunity to examine them. Such records are not the property of the proponent. The court will take such steps as may be necessary to assure the preservation of the records and their availability to all persons interested in the estate.

The recent statement by the Appellate Division of the guiding principles in examinations before trial, is pertinent here: "Undoubtedly fear of abuse in examinations before trial has operated to curtail their extension. It would seem, however, that the possibilities of abuse can be adequately covered by judicial surveillance, without the imposition of arbitrary restrictions. As a matter of administration, examinations should be arranged between the parties on a professional basis, and resort

to the court by motion or objection should be had only when a serious question is raised as to the good faith, legitimate purpose or reasonable scope of the examination.'' (*Dorros, Inc.*, v. *Dorros Bros., supra,* p. 14.)

Submit order on notice accordingly.