Per Curiam.

An order for a jury trial before the Surrogate of Jefferson County has been made in this contested probate proceeding. The appeals are from four separate orders made by the Surrogate of Jefferson County. The first appeal is from an order of the Surrogate denying the motion of the contestants to change the place of trial from Jefferson County to Onondaga County on the grounds of convenience of witnesses and that the contestants believe ‘ ‘ that a fair and impartial trial cannot be had in Jefferson County ”. The contestants base their motion upon section 187 of the Civil Practice Act and section 316 of the Surrogate’s Court Act. Section 187 of the Civil Practice Act empowers the Supreme Court by order to change the place of trial‘ ‘ of an action in the supreme court ”, Section 189 of the Civil Practice Act likewise empowers the Supreme Court to change the place of trial of certain actions pending in other courts. Section 316 of the Surrogate’s Court Act provides that except where a contrary intent is expressed in, or plainly implied from the context of this act, provisions of law or rules, applicable to practice or procedure in the Supreme Court, applies to Surrogate’s Court. We do not think that anything in section 316 of the Surrogate’s Court Act or sections 187 or 189 of the Civil Practice Act authorizes the Surrogate to make an order changing the place of a jury trial *56 in a contested probate proceeding to another county. These sections by their terms apply to orders made in the Supreme Court. Subdivision 1 of section 68 of the Surrogate’s Court Act providing for jury trials in that court expressly states in part: ‘ ‘ The surrogate in such order must direct that such trial be had either before himself and a jury, or at a trial term of the supreme court to be held within the county, or in the county court of the county.”
It is our conclusion that the Surrogate was without power to order the trial of the issues in another county. Moreover, the moving papers show no sufficient reason therefor. The order appealed from should therefore be affirmed.
The contestants appeal from an order made by the Surrogate requiring them to furnish the proponents with a bill of particulars. It is our conclusion that that order was properly granted and should be affirmed.
The contestants also appeal from two orders denying in part their application for examination before trial. While the papers upon which the application is made are somewhat meager, we think it sufficiently appears that the testimony sought from Dr. Walter Fox Smith and Dr. M. M. Gardner is material and necessary, and that there are special circumstances requiring the examination of these two physicians. The contestants should be permitted to examine Florence Worlock, a legatee, as an adverse party. The papers fail to show special circumstances rendering it proper to examine Dr. Boudreau as a witness and the order denying the application for his examination was proper.
The contestants asked that the hospital record of the House of the Good Samaritan pertaining to the care and treatment of the decedent be produced upon the examination. There is no application here to examine the House of the Good Samaritan as an adverse party, by its officers or agents, and there is no showing that any of the persons whose examination is sought, are in custody and control of the hospital records of the House of the Good Samaritan. There was therefore no proper basis for making an order requiring the production of the records of the hospital and that application was properly denied. The orders relating to the examinations before trial should be modified in accordance with this opinion and as so modified, affirmed, without costs. The examinations should be had before the Surrogate. (See Matter of Frank, 165 Misc. 411, 414.) The examinations of the physicians should be had only after the contestants waive the statutory privilege at the opening of the *57 examination. (Civ. Prac. Act, § 354.) The service of the bill of particulars should be postponed until after the examination is completed, the time to be fixed by the Surrogate.
All concur. Present — Taylor, P. J., McCtjrn, Vaughan, Kimball and Piper, JJ.
Order (entered October 7, 1948, denying contestants’ motion for change of venue) affirmed, with $10 costs and disbursements.
Order (entered October 14, 1948, of which the appealed portions deny permission to contestants to examine certain witnesses before trial, and direct contestants to furnish a bill of particulars), so far as appealed from, modified in accordance with the opinion, and, as modified affirmed, without costs of this appeal to any party.
Order (entered November 30, 1948, directing contestants to furnish a bill of particulars, and precluding them from offering evidence unless they furnish such bill of particulars) affirmed, without costs of this appeal to any party. Bill of particulars to be served in accordance with the opinion.
Order (entered November 18, 1948, limiting an examination before trial) modified in accordance with the opinion, and, as modified affirmed, without costs of this appeal to any party.