In the Matter of the Probate of the Will of GRACE L. SHEELER, Deceased.

Surrogate's Court, Monroe County, May 31, 1949.

*Earl F. Case, George J. Skivington, Sr.,* and *Joseph M. Feely* for Arthur B. Sheeler, contestant, respondent.

*Francis J. Clohessy* and *Nathan Turk* for Verne Lundy, proponent.

WITMER, S. In a prior decision (*Matter of Sheeler,* 190 Misc. 894) this court determined that it has exclusive jurisdiction herein to hear the issues which may be raised in a proceeding to decide whether or not respondent has the necessary status to entitle him to a preliminary examination of the witnesses to testatrix' will, preparatory to filing objections thereto. This court there observed that the Supreme Court would undoubtedly decline to entertain the action for reformation of an ante-nuptial agreement, which respondent had sought to institute by filing therein a summons and complaint and attempting to effect service thereof; and this court directed that the order to be

entered on such decision " provide for a date upon which the issues respecting the antenuptial agreement may be heard.''

Before the arrival of the date set for hearing such issues, respondent moved to examine proponent and another before trial concerning the execution of the antenuptial agreement and its custody since the alleged date of its execution. Proponent resists the motion on two grounds, first, that respondent has filed no answer to proponent's pleading in which the antenuptial agreement is set up as a bar to respondent's right to the preliminary examination of the witnesses to the will, and second, that the examination sought is not the proper subject of an examination before trial.

Respondent contends that the complaint for reformation of the antenuptial agreement which he filed in the Supreme Court action which he attempted to institute, a copy of which was before this court at the time of rendering the prior decision above referred to, shows his position and is a sufficient answer.

The complaint referred to is not on file in this court, but was filed in the Monroe County Clerk's Office. It is entitled in the Supreme Court. Proponent is not in a position to address motions thereto in this court.

Pleadings are designed to state and clarify the issues, and aid the parties and the court in the presentation of the case. Although the matter of respondent's status is preliminary and quite removed from the merits of the question of the validity of the will, it constitutes a distinct issue or set of issues, the trial of which must proceed just as any other issue before the court without a jury. It is true that pleadings are frequently quite informal in this court in matters of this sort. Nevertheless, whenever a party has reason to believe that the defenses relied upon by his opponent are affirmative in nature, he is entitled to have formal pleadings submitted thereon. (Civ. Prac. Act, § 242.) Respondent should file his answer raising the issues herein before this court decides the motion for examination before trial. (*Union Trust Co. of Rochester* v. *Conway*, 238 App. Div. 764.) The motion for examination before trial is denied unless such answer be filed in this court within ten days after due service upon respondent's attorneys of the order to be entered hereon, with notice of entry. If answer be filed within such time, the court will consider the motion for examination before trial, and the motion is continued for such purpose.

In view of the increasing liberal attitude of the courts with respect to examinations before trial (*Dorros, Inc.* v. *Dorros Bros.*, 274 App. Div. 11), the court reiterates its statement made

from the bench upon the argument that upon the filing of an answer containing issues which it has been indicated will be raised, the motion to examine will be granted in general. Within one week after filing of the answer, proponent may file any particular objections which he may have to such examination, and the court will give due consideration thereto before determining the extent of the examination.

Submit order accordingly.