In the Matter of the Appointment of Guardians of CAMILLE S. FAILLA and Another, Infants.

Surrogate's Court, Bronx County, March 15, 1950.

*Levy & Berman* for Margaret Failla, petitioner.

*Louis Mendelson* for Assunta Della Sala and others, respondents.

*Nathaniel L. Goldstein, Attorney-General (Louis E. Cooper* of counsel), for Rockland State Hospital.

*Leonard M. Mandel* for Fred Della Sala and another, as executors of Joseph R. Failla, deceased.

HENDERSON, S. In these proceedings for the appointment of guardians of the persons and estates of the infants herein, a motion has been made by the petitioner pursuant to subdivision 9 of section 34 of the Mental Hygiene Law for an order permitting an inspection of certain records of Central Islip State Hospital and Rockland State Hospital.

The infants' parents are deceased.

The petitioner herein is the paternal grandmother. The maternal grandparents who have custody of the infants at the present time object to the appointment of the petitioner and demand the appointment of the maternal grandmother and her daughter as general guardians.

The petitioner contends that the maternal grandmother and her daughter should not have the infants' custody because of the presence of a mental illness in that branch of the family.

The records sought to be examined are those which relate to the infants' mother who is now deceased, and their maternal aunt who has been an inmate of Central Islip State Hospital since 1933.

The first concern of a court in a proceeding involving the custody of an infant is to look for the infant's best interests. In making a decree of guardianship, the Surrogate must be satisfied that the interests of the infant will be promoted by the appointment. (Surrogate's Ct. Act, § 179.)

The charges made by the petitioner against the maternal relatives as to the existence of a mental illness which would make them unfit to have the infants' custody, clearly relate to the issue which must be decided by the court in making its

determination. Any information bearing upon this issue should not be withheld from the court and the parties should be afforded an opportunity of making a full inquiry concerning this mental illness. The records sought to be examined are necessary for this purpose.

The disclosures authorized by the sections of the Mental Hygiene Law are not prohibited by the provisions of sections 352 and 354 of the Civil Practice Act (*Matter of Grabau*, 193 Misc. 859).

The motion is therefore granted.

The order to be entered hereon will provide for the time and place of such inspection and will also provide for a similar inspection at such time and place by a physician selected by the respondents.

Settle order.