Campbell, S.
The above-entitled probate proceeding was instituted on December 7,1955, when a petition and the original will were filed in this court. Under date of January 25, 1956, objections to the probate were filed and on February 8, 1956, an order was made transmitting trial of the objections by jury to the Supreme Court.
Prior to the issuance of the above-mentioned order, and on January 16, 1956, the two subscribing witnesses to the will and Carl Gk Kurowski, a son of testator and the executor nominated in the propounded paper writing, were examined under oath in this court. The order transmitting the issues to the Supreme Court was signed February 8, 1956.
Testimony taken before this court consists of 36 pages of testimony.
On April 5,1956, affidavits and a notice of motion for further examination of the said Carl G-. Kurowski and his brother, Benjamin J. Kurowski, were filed in this court. This was subsequent to the order transmitting the issues to the Supreme Court.
It is the opinion of this court that the jurisdiction of the trial of the issues is now before the Supreme Court which should rule on the motion to take further testimony before trial.
In Matter of Pardee (235 App. Div. 492), the will of testator had been admitted to probate. Subsequently, the Supreme Court made an order permitting the Marine Trust Company to intervene as a party in a discovery proceeding. This the appellate court overruled.
In Matter of Frank (165 Misc. 411), the jurisdiction of the contested will was retained by the Surrogate’s Court of New York County and no order had been made referring the issues to the Supreme Court.
Likewise, in Matter of Carll (201 Misc. 829), the Surrogate’s Court of Suffolk County had retained jurisdiction of all the issues of the probate matter.
It is the opinion of this court that the contestant has had sufficient opportunity to examine witnesses before this court.
In the cases cited by counsel for the contestant, which have been examined carefully, the jurisdiction was retained in the Surrogate’s Court. Since February 8, 1956, the date the order was signed transmitting this matter to the Supreme Court for trial by jury, the Supreme Court has had jurisdiction of this *106 entire matter. There should be no divided authority in the matter of the examination of witnesses before trial.
Moreover the court has some discretionary power in regard to the examination before trial under section 288 of the Civil Practice Act. In the case of Public Nat. Bank v. National City Bank (261 N. Y. 316, 318), the late Judge Crane, writing for the court, said: ʻʻ The right to examine a party before trial is not made dependent as matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party. ” (Emphasis supplied.)
Rowland v. Stim (147 N. Y. S. 2d 876, unanimously affd. 283 App. Div. 942) dealt with the examination of witnesses before trial. In that opinion before the Supreme Court, Mr. Justice Hofstadter stated (supra, pp. 876-877): It is obvious that by seeking such wide examination the plaintiffs are embarking on a ʻ fishing expedition ’ and thereby hope to obtain some information upon which to base a cause of action other than that which is pleaded. Item 2 seeks to examine as to the publication of the libel. ʻ It must be noted that examinations before trial in libel actions are not favored in this department. ’ Wholesale Clothing Exchange, Inc., v. Dun & Bradstreet, Inc., Sup., 88 N. Y. S. 2d 20, 21; Herrmann v. Osborne Co., 128 Misc. 859, 220 N. Y. S. 306; Welling v. Kugel, 215 App. Div. 770, 213 N. Y. S. 934, affirming without opinion Special Term, Part I, N. Y. L. J., July 29, 1925. Furthermore an examination before trial is not permitted in relation to the publication of an alleged libel. Corbett v. DeComeau, 44 N. Y. Super. Ct. 306; Bailey v. Dean, 5 Barb. 297, 303. The granting of an examination before trial rests in the exercise of discretion. Public Nat. Bank v. National City Bank, 261 N. Y. 316, 185 N". E. 395. ʻ The privilege of examining may not be availed of to annoy and worry the adverse party, or to do prospecting, or to speculate. The taking of depositions must be prosecuted in good faith. ’ Combes v. Maas, 209 App. Div. 330, 204 N. Y. S. 440, 441. ”
In view of the examination held before this court on January 16, 1956, the motion for further examination before trial is denied, without prejudice to make another application before the Supreme Court in which forum the jurisdiction of this contest now resides.
Enter order accordingly.