Anthony P. Savaeese, S.
Testator died on September 13, 1956 while a patient at Creedmoor State Hospital. An instrument dated March 28, 1955 has been offered for probate as his last will and testament. By its terms his entire estate is left to his surviving spouse. The special guardian of the testator’s infant daughter seeks to inspect the hospital records relating to the decedent. The Attorney-General of the State of New York opposes the motion on the ground that the records are confidential communications between patient and physician which are privileged under the provisions of the Mental Hygiene Law and section 352 of the Civil Practice Act.
Section 20 and subdivision 9 of section 34 of the Mental Hygiene Law create an exception to the privileged communication rules and provide for access to the records of a patient admitted to an institution under the control of the Department of Mental Hygiene upon an order of a judge of a court of record. (Matter of Warrington [State of New York], 303 N. Y. 129.) Here the special guardian has a legitimate right, if not a duty, to' inspect the records because of the short time which elapsed between the date of the propounded instrument and the testator’s admission to the hospital. If the records contain information bearing upon the competency of the testator to make a will the special guardian should be given the opportunity to bring it to the attention of the court. Even in the absence of a contest the Surrogate before admitting a will to probate must be satisfied with the genuineness of the propounded instrument, the validity of its execution, and that *65 the testator, at the time of executing it, was in all respects competent to make a will and under no restraint or undue influence. (Surrogate’s Ct, Act, § 144.) Accordingly, the motion is granted. The hospital records should be produced at the office of the Attorney-General, 80 Centre Street, New York City, at such time as may be mutually agreeable to the special guardian and the Attorney-General. Submit order on notice.