John D. Bennett, S.
In this probate proceeding the contestants move to examine all the records of the Brooklyn State Hospital pertaining to the decedent, pursuant to sections 20 and 34 of the Mental Hygiene Law.
*308 While sections 20 and 34 of the Mental Hygiene Law authorize access to such records by order of a court of record (Matter of Clayton, 9 Misc 2d 63), the Attorney-General opposes the motion on the ground that the decedent’s admission to the hospital on February 7, 1939, is too remote in time to have any relevancy to the question of the decedent’s testamentary capacity on the date the instrument offered for probate was executed, September 22,1961.
As a general rule of thumb, examinations together with the production of relevant documents in contested probate proceedings, have been limited in scope to three years prior to the date of the propounded instrument and two years thereafter (Matter of Frank, 165 Misc. 411). However, this is not an inflexible rule and the courts, where special circumstances exist, have not followed it (Matter of Kaufmann, 11 A D 2d 759).
While the hospital records, which were ordered produced in Matter of Ericson (200 Misc. 1005) were contemporaneous with a “ death bed ” will, access should not be restricted merely to hospitalizations contemporary with the prepounded instrument where there is an indication of possible mental illness.
Although in Matter of Barney (185 App. Div. 782) the decedent was committed to a hospital for mental illness for a much longer period than here involved, it is significant that the last date of institutionalization was some 27 years prior to the date of the propounded instrument and-the court did not explicitly consider the hospital records inadmissible on the ground of remoteness.
On this motion the court is of the opinion that the records should be produced. This holding should not be relied upon as having any significance as to what ruling in connection with their admissibility the court will make at the trial, or what weight should be given them if admitted. As in the issues of undue influence and fraud (Matter of Kaufmann, 14 A D 2d 411), the issue of testamentary capacity concerns itself with the decedent’s mental condition at the time of execution, regardless of the condition of the mind at prior or subsequent times (Matter of Alexieff, 94 N. Y. S. 2d 32, 34, and cases there cited).
The motion is granted to the extent that the records sought are directed to be produced before the court at a time to be fixed in the order, at which time the records will be examined by the court. Those matters which the court is of the opinion contestants should have access to may be examined by him at that time upon an express waiver by them in accordance with section 354 of the Civil Practice Act.